KELLY et al. v. GROSS et al.  (No. 2138.)

Court of Civil Appeals of Texas.  El Paso.  March 8, 1928.

Rehearing Denied March 29, 1928.

1. Appeal and error ☞1040(3)—Pleading ☞192(2)—Want of certainty and clearness in petition are defects of form not reached by general demurrer, and afford no reason for refusing to reverse judgment improperly sustaining demurrer.

Want of certainty and clearness in petition are defects which cannot be availed of by general demurrer, and are not ground for refusing to reverse order improperly sustaining demurrer.

2. Divorce ☞139—Public policy favors reconciliation, abandonment of divorce proceedings, and resumption of marriage relation.

Public policy strongly favors reconciliation of parties, abandonment of divorce proceedings, and resumption of marriage relation.

3. Husband and wife ☞205(2)—Husband may sue wife to establish his property rights.

Husband may maintain action against wife to establish his property rights.

4. Attorney and client ☞150—Contract for fee based upon settlement in suits for property settlement and divorce held unenforceable on reconciliation prior to consummation of suits.

A wife was sued by her husband and another for land and chattels in which she had community interest. Later she was again sued by husband for divorce and settlement of property rights. The wife was represented by counsel, whose fee was contingent upon and to be measured by amount of her recovery in settlement of property rights of parties. The husband and wife effected a reconciliation, and wife's attorney sued for fee claimed due under contract. *Held* that such contract could not be enforced.

5. Attorney and client ☞150—Parties to divorce proceeding owe counsel whose fee is contingent upon adjustment of property rights no duty to proceed to judgment.

Parties to divorce proceeding, represented by counsel whose fee is contingent upon and to be measured by final adjustment of property rights of litigants, owe no duty to such counsel to carry litigation to final judgment for benefit of counsel.

6. Attorney and client ☞150—Parties employing attorneys in divorce proceedings for fee determinable by adjustment of rights held not liable, where reconciliation is affected.

In divorce proceedings, where parties are represented by counsel whose fees are contingent and to be measured by final adjustment of property rights between litigants, all such contracts of employment, if conceded to be valid, are subject to duty and implied right of litigants to reconcile their differences and resume marital relation, and, if they do so, they are not liable in damages for breach of contract of employment with attorneys.

7. Attorney and client ☞150—Attorney performing services for wife for fee determinable on adjustment of property rights in divorce proceedings held entitled to reasonable value thereof, where marital relation was resumed.

Where wife was sued by husband to determine her interest in community property and for divorce and settlement of property rights, attorney employed by wife on contingent fee basis, fee to be determined upon adjustment of property rights, was entitled to recover reasonable value for services rendered, upon husband and wife resuming marital relation.

8. Divorce ☞197—Husband and wife held personally liable upon implied contract for reasonable value of attorney's service to wife in divorce proceedings after reconciliation.

Where attorney performed services for wife in divorce proceedings and husband and wife resumed marital relation, *held* that both were personally liable on implied contract for reasonable value of such services as for necessaries.

Error from District Court, Medina County; L. J. Brucks, Judge.

Suit by Ben H. Kelly and others against Sue Gross and husband.  Suit dismissed, and plaintiffs bring error.  Reversed and remanded.

See, also, 293 S. W. 325.

Douglas, Carter & Black, of San Antonio, for plaintiffs in error.

Powell & Green and P. H. Swearingen, all of San Antonio, and De Montel & Fly, of Hondo, for defendants in error.

HIGGINS, J.  This suit was brought by the plaintiffs in error, Ben H. Kelly, H. Sim Kelly, and W. S. Ethridge, against Joe Gross and Sue Gross.  General and special exceptions to the petition were sustained.  The plaintiffs declining to amend, their suit was dismissed.

[1] The petition is wanting in proper certainty and clearness, but such defects cannot be reached by general demurrer.  These are but defects of form and do not deprive the plaintiffs in error of the right of reversal if the general demurrer was improperly sustained.

The material facts alleged in the amended original petition may be summarized as follows:

The defendants are husband and wife. April 14, 1926, Sue Gross was the defendant in cause No. 2097, in which Joe Gross and another had sued her as a feme sole, under the name of Sue Johnson, to recover certain

land and remove cloud from title, it being asserted in said suit that said land was Joe Gross' separate property and Sue Johnson's claim thereto as his former wife clouded his title. Mrs. Gross employed the plaintiff Ben H. Kelly to represent her in such suit, defend the same for her and file cross-action for protection of her community property rights. Under the name of Sue Johnson she, in writing, employed said Kelly and assigned to him. a one-half interest in what might be recovered as her share of the community property accumulated during the period from the marriage of the Grosses in 1916 to their divorce in 1924, which contract was attached to and made a part of the petition. Thereafter said Kelly, with the consent of Mrs. Gross, associated his coplaintiffs with him as her counsel. Thereafter Mrs. Gross and plaintiffs verbally agreed that the contract of employment should include and apply to any litigation then pending and thereafter instituted to recover or secure the property rights to which she was entitled up to the date of a legal divorce. The services rendered by the attorneys are then stated, and "that such actions and services included the new causes Nos. 3001 and 3012, both being divorce cases filed by the said Joe Gross against the said Sue Gross, and the last cause including the efforts to recover the same property sued for in said original cause No. 2097." The plaintiffs would have recovered judgment in favor of Sue Gross against Joe Gross for at least $13,804.50, which would have been collectable. Thereafter plaintiffs were discharged by the defendants, who had settled their differences and arranged to dismiss their actions and cross-action against each other and made some pretended reconciliation, and then or soon thereafter resumed the marital relations, rendering it impossible for plaintiffs to continue their services and complete their contract with Sue Gross, to their damage in the sum of $6,902.25, being one-fourth of the total community property of Joe and Sue Gross. Defendants are both solvent, having large and valuable holdings in their respective separate rights in addition to the community estate. The foregoing facts were alleged as the basis for the recovery against both defendants of said sum of $6,902.25, as damages for breach of the contract of employment.

The petition also set up that the reasonable value of the services rendered Sue Gross was $3,000, for which recovery in the alternative was sought against both defendants.

It is not directly so alleged in the amended original petition, but the inference is that at the time Joe Gross filed suit No. 2097 and Mrs. Gross employed Ben H. Kelly to represent her, Mr. and Mrs. Gross acted upon the mistaken belief and assumption that they had been previously legally divorced. That such was the belief and assumption of the parties is also shown by the affirmative allegations of the defendants' answer and by the allegations of the supplemental petition, all of which may be considered in aid of the amended original petition. Pope v. Railway, 109 Tex. 311, 207 S. W. 514; Hubb Diggs Co. v. Fort Worth State Bank (Tex. Com. App.) 298 S. W. 419.

[2] The marital relation is one in which society and the state are vitally interested. The public policy relating thereto is to foster and protect it, prevent separation and divorce, and encourage the parties to live together. Public policy strongly favors reconciliation of the parties, abandonment of divorce proceedings, and resumption of the marriage relation. 9 R. C. L. title "Divorce and Separation," §§ 11 and 19. Contracts between parties to a divorce proceeding and his or her attorney have frequently been held to be promotive of divorce and declared to be illegal. Contracts whereby the attorney's fee is made dependent on the granting of the divorce, or measured by or payable out of the alimony recovered, have been so condemned. 9 R. C. L. title "Divorce and Separation," §§ 13 and 17.

[3] The rule is recognized in this state that the husband may maintain an action against his wife to establish his property rights. McCartney v. McCartney, 93 Tex. 359, 55 S. W. 310; Newman v. Newman (Tex. Civ. App.) 86 S. W. 635. This seems to have been the nature of the suit first brought by Joe Gross against his wife, to defend which and protect her property rights Mrs. Gross first employed Ben H. Kelly. The suit apparently did not involve any question of divorce, and it would seem from the recitals in the contract that Mrs. Gross made the contract upon the assumption that she previously had been divorced from her husband and was a feme sole. However, Gross later filed two suits against Mrs. Gross for divorce and settlement of property rights, and by mutual agreement of the parties to the contract the same was made to apply to these last two suits.

[4] We thus have a situation where the wife is sued by her husband and another for land and chattels in which she has a community interest, and is later again sued by her husband for divorce and settlement of property rights, the wife being represented by counsel whose fee is contingent upon and to be measured by the amount of her recovery in the settlement in the suits of the property rights of the parties. We have no doubt of the right of a wife thus sued to employ counsel and personally bind herself for the payment of a fee as a necessary for the protection of her marital relation and property rights. Speers Marital Rights, §§ 147-169; Cordray v. Galveston (Tex. Civ. App.) 26 S. W. 245. But such is not the nature of the fee to be paid under the contract between Mrs. Gross and her attorneys. It is contingent upon the establishment of a property right and measured by the amount recovered.

It is not necessary for us to consider the validity of this contract if the litigation between Mr. and Mrs. Gross had proceeded to final judgment and she had refused to account to her counsel for one-half of the amount allotted to her in the settlement of the property rights. It did not so proceed, but she and her husband became reconciled and reassumed the marital relation.

[5, 6] In view of the interest of society and public policy of the state as outlined above, we are of the opinion that parties to a divorce proceeding, represented by counsel whose fee is contingent upon and to be measured by the final adjustment of the property rights of the litigants, owe no duty to such counsel to carry the litigation to final judgment for the benefit of such counsel. All such contracts of employment, if conceded to be valid, are subject to the duty and implied right of the litigants to reconcile their differences and reassume the marital relation; and if they do so, they are not liable in damages for breach of the contract of employment with the attorney.

This view is in accord with and supported by the opinion of Justice Smith in Kelly v. Gross (Tex. Civ. App.) 293 S. W. 325, where the present plaintiffs in error were temporarily enjoined at the suit of Gross and wife from further prosecuting the cross-action of Mrs. Gross for divorce and settlement of property rights. After holding that if for any reason a decree of divorce was not rendered the court was without power to disturb the existing status of the community property as between husband and wife, Justice Smith said:

"This conclusion brings us to appellants' contention that, notwithstanding the reconciliation of the parties and their motions to dismiss, appellants had a right under their contract with Mrs. Gross to prosecute the suit to a conclusion, and enforce their assignment of one-half of whatever recovery Mrs. Gross might have obtained upon a trial of the suit. We overrule this contention. No court has the power to decree a divorce except upon the insistence of one of the parties to the union, nor except upon an affirmative showing that such party does not desire to, and cannot, and will not, resume or continue the marital relation. No other party has any right, nor can he acquire the right, to inject himself, or his claim upon either of the parties, into the divorce action, which is purely personal to those parties. It naturally follows that, when those parties compose their differences, effect a reconciliation, and move for a dismissal of the action, the court before whom it is pending has no other alternative than to grant the motion and dismiss, without the least regard to any pecuniary interest third parties may have acquired as contingent upon the granting of a divorce. This is true as a matter of public policy, which cannot contemplate any rule which would permit outsiders to speculate upon the contingency of a disrupted marital union.

"We hold that, in the face of the reconcilia-

tion between the parties and their prayer for dismissal, the trial court had no power, in this divorce suit, to enforce appellants' contract with Mrs. Gross for a contingent interest in the property which might have been recovered by her in the event of a divorce; that appellants acquired no right to intervene in, and prosecute, the suit against the wishes of the parties thereto, and that the trial court did not err in granting the injunction restraining appellants from further proceeding in the matter."

[7, 8] But it does not follow that such counsel are entitled to no compensation for the services which they actually rendered. On the contrary, they are entitled to recover the reasonable value thereof. Hearne. v. Garrett, 49 Tex. 619; Matson v. Stewart (Tex. Civ. App.) 124 S. W. 736. For the payment of this both the husband and wife are personally liable upon implied contract, as for necessaries. Hicks v. Stewart & Templeton, 53 Tex. Civ. App. 401, 118 S. W. 206; Speer's Marital Rights, §§ 153, 169, and cases cited.

The petition herein sought an alternative recovery upon quantum meruit, and in this respect stated a cause of action against both of the defendants. The court therefore erred in sustaining the general demurrer to the petition.

Reversed and remanded.