WAYNE JONES v. MOLLIE S. JONES.

No. 6757. Decided November 19, 1936.
(97 S. W., 2d Series, 944.)

*J. N. Townsend,* of Dallas, for appellant.

An attorney having an interest in the subject matter of a suit, dependent on the outcome of the suit, gains or losses along with his client. Baker v. Reed, 54 S. W. (2d) 214; Shippers Compress Co. v. Davidson, 80 S. W., 1032; Rio Grande Valley Tel. Co. v. Hocut, 93 S. W. (2d) 167.

*Whitehurst, & Kincaid,* of Dallas, for appellee.

An attorney, representing the plaintiff wife in a divorce suit, on proper allegation and proof, can recover a reasonable attorney's fee, either in the divorce proceeding or in an inde-

pendent action therefor against the defendant husband. Hughes v. Hughes, 259 S. W., 180; Becker v. Becker, 299 S. W., 528; Ashworth v. Edwards, 5 S. W. (2d) 776; Weaver v. Weaver, 33 Geo., 172.

Mr. Judge GERMAN delivered the opinion of the Commission of Appeals, Section A.

The certificate from the Court of Civil Appeals at Dallas among other things contains the following:

"Appellee, Mollie S. Jones, instituted a suit for divorce and for partition of property, against her husband, Wayne Jones, appellant. The petition contained allegations on their face sufficient to warrant the relief sought. In the petition, after alleging the grounds for divorce, the plaintiff alleges that 'she is without funds or property with which to maintain herself, and with which to employ attorneys to bring this suit in her behalf; that she has no income whatever with which to maintain herself during the pendency of this suit; that she is unable to work, ill and out of employment; and she here and now prays the Court that the defendant be cited to appear and show cause why she should not be granted alimony in the sum of $20.00 per week, to be paid by the defendant during the pendency of this suit for her support; that she has contracted and agreed to pay her attorney who brings this suit the sum of $750.00, which she alleges to be reasonable and necessary for bringing and prosecuting this suit in her behalf.'

"This quoted paragraph from the petition contains all of the allegations in reference to an attorney fee. In the prayer of the petition, in addition to the other relief sought, she prays that 'her attorney have judgment against the defendant for the sum of $750.00 for bringing and prosecuting this suit in her behalf.' This petition is signed 'C. M. Whitehurst, attorney for plaintiff.' The attorney's name does not appear in the body of the petition, or in the prayer.

"While the suit was pending, there were preliminary hearings in reference to alimony and to require appellant to file an inventory of the property. Also a receiver was appointed, to take charge of the property. These hearings were conducted by C. M. Whitehurst, the attorney, and were had at his instance, in behalf of plaintiff.

"Before the case was called for trial, there was a reconciliation between the parties and both appeared in person in court and by their respective attorneys and announced to the court that such reconciliation had taken place, and that the suit for

divorce would not be further prosecuted by appellee. Whereupon, the court at the instance of C. M. Whitehurst, attorney for the wife, and without objection, heard evidence in respect to the allowance of an attorney fee. This evidence was heard without any pleadings other than the original petition of the wife, which contains the allegations above quoted in respect to the attorney fee. The husband filed no answer. The attorney for the husband and the attorney for the wife participated in this hearing and, at its close, the court, after a finding of facts, on which it is based, entered the following judgment: 'It is therefore ordered, adjudged and decreed by the Court that said cause of Mollie S. Jones against Wayne Jones, numbered and styled above, be and the same is hereby dismissed; that C. M. Whitehurst do have and recover of defendant, Wayne Jones, the sum of $250 attorney's fee; that all costs incurred by Wayne Jones, be taxed against him; for all of which let execution issue.'

"This judgment as to the attorney fee is based on findings by the trial court, to the effect, that Mollie S. Jones, the wife, instituted this suit for a divorce in good faith and on probable grounds for a divorce, and that $250 is a reasonable attorney fee for the services rendered. This finding by the trial court is sustained, we think, by the evidence and is found as a fact by this court."

On the record as thus stated the court certified for decision by the Supreme Court the following questions:

"Question No. 1: Under the pleadings and facts above stated, was it error for the court, after the parties had announced the reconciliation and a desire for the suit to be dismissed, and without objection by appellant, to hear evidence and allow the attorney fee?

"Question No. 2: Can an attorney for indigent wife in a divorce suit recover a fee for his services in his own name, after the divorce suit has been abandoned, because of a reconciliation of the parties?"

The overwhelming weight of authority is to the effect that when the parties to a suit for divorce have effected a reconciliation, condoned their offenses, and resumed their marital relations, such action operates to end the litigation, and the court is without jurisdiction to retain the cause for the purpose of allowing an attorney to obtain a recovery of attorney's fees. Especially is this true when the parties have appeared in open court and have announced to the court that the suit for divorce will not be further prosecuted. Carden v. Carden, 37 S. W.,

1022; Bell v. Bell, 214 Ala., 573, 108 So., 375, 45 A. L. R., 935; Johnson et al. v. Gerald 216 Ala., 581, 113 So., 447, 59 A. L. R., 348; Keefer v. Keefer, 140 Ga., 18, 78 S. E., 462; Grimstad v. Johnson, 61 Mont., 18, 201 Pac., 314, 25 A. L. R., 351; Kuntz v. Kuntz, 80 N. J. Eq., 429, 83 Atl., 787. Also Annotation in 45 A. L. R., 941-944.

By analogy our decisions are strongly in point. In the case of Ex parte Norton, 118 Texas, 581, 17 S. W. (2d) 1041, it was held that the right of a plaintiff in a divorce suit to take a non-suit and dismiss the cause was absolute; and when announcement of a desire to do so was made by plaintiff in open court, it ended the jurisdiction of the court and there was lack of power to enforce previous orders allowing alimony. To like effect is the case of Wright v. Wright, 6 Texas, 29.

In the case of Kelly v. Gross, 293 S. W., 325, the husband had brought suit against the wife for divorce. The wife answered and filed cross action in which she sought a division of community property. She made a contract with her attorney to give him a one-half interest in whatever amount she might recover by reason of the cross action. Afterwards the husband and wife effected a reconciliation, resumed the marital status, and requested the court to dismiss the suit. The attorney opposed this motion, and sought to intervene for the purpose of enforceing his rights under the contract with the wife. Without approving all that was said in the opinion, we do approve the holding in the following excerpt:

"This conclusion brings us to appellants' contention that, notwithstanding the reconciliation of the parties and their motions to dismiss, appellants had a right under their contract with Mrs. Gross to prosecute the suit to a conclusion, and enforce their assignment of one-half of whatever recovery Mrs. Gross might mave obtained upon a trial of the suit. We overrule this contention. No court has the power to decree a divorce except upon the insistence of one of the parties to the union, nor except upon an affirmative showing that such party does not desire to, and cannot, and will not, resume or continue the marital relation. No other party has any right, nor can he acquire the right, to inject himself, or his claim upon either of the parties, into the divorce action, which is purely personal to those parties. It naturally follows that, when those parties compose their differences, effect a reconciliation, and move for a dismissal of the action, the court before whom it is pending has no other alternative than to grant the motion and dismiss, without the least regard to any pecuniary interest third parties

may have acquired as contingent upon the granting of a divorce. This is true as a matter of public policy, which cannot contemplate any rule which would permit outsiders to speculate upon the contingency of a disrupted marital union.

"We hold that, in the face of the reconciliation between the parties and their prayer for dismissal, the trial court had no power, in this divorce suit, to enforce appellants' contract with Mrs. Gross for a contingent interest in the property which might have been recovered by her in the event of a divorce; that appellants acquired no right to intervene in, and prosecute the suit against the wishes of the parties thereto, and that the trial court did not err in granting the injunction restraining appellants from further proceeding in the matter."

This portion of the opinion was reaffirmed in the case of Kelly v. Gross, 4 S. W. (2d) 296, in which writ of error was refused.

The right of a woman suing for divorce to dismiss her action, upon reconciliation with her husband, is forcefully discussed in the case of Johnson et al. v. Gerald, supra. The right of the attorney to intervene in the proceeding after reconciliation is likewise ably discussed in that opinion and denied.

We answer the first question submitted in the affirmative and the second question in the negative.

Nothing herein is to be construed as an expression of opinion on the question of whether or not an attorney, after a reconciliation of the parties and dismissal of the divorce proceeding, may maintain an independent suit against the husband or wife for the reasonable value of service rendered prior to the reconciliation.

Opinion adopted by the Supreme Court November 19, 1936.