## HENDERSON v. McCARTER et al.

### No. 11860.

Court of Civil Appeals of Texas. Galveston.
March 13, 1947.

Rehearing Denied April 3, 1947.

Fred Parks and John A. Croom, both of Houston, for appellant.

Ladin, Lieberman & Boarnet, W. E. Ladin, John A. Black, Jr., and Seymour Lieberman, all of Houston, for appellees.

MONTEITH, Chief Justice.

This suit was brought by appellant, Devereaux Henderson, by way of an intervention in a divorce suit, for the recovery of a fee alleged to be the reasonable value of legal services rendered by him as attorney for Mrs. Alene Lois McCarter in divorce action brought by her husband, G. W. McCarter.

The divorce suit was dismissed by G. W. McCarter and by order entered October 14, 1946, Mrs. McCarter dismissed her cross-action on a showing that she and her husband had reconciled their differences and resumed their marital relations.

Appellant has appealed from an order of the trial court dismissing his intervention without prejudice after having requested a trial by jury and the payment of the required fee.

The precise question presented in the appeal has, we think, been decided by the Supreme Court of this state contrary to appellant's contention, in the case of Jones v. Jones, 128 Tex. 309, 97 S.W.2d 949, 950.

In that case, in an opinion by the Commission of Appeals, adopted by the Supreme Court, the court said:

"The overwhelming weight of authority is to the effect that when the parties to a suit for divorce have effected a reconciliation, condoned their offenses, and resumed their marital relations, such action operates to end the litigation, and the court is without jurisdiction to retain the cause for the purpose of allowing an attorney to obtain a recovery of attorney's fees. Especially is this true when the parties have appeared in open court and have announced to the court that the suit for divorce will not be further prosecuted."

In its opinion the court, quoting with approval from the opinion in the case of Ex Parte Norton, 118 Tex. 581, 17 S.W.2d 1041, held that the right of the plaintiff in a divorce suit to take a non-suit and dismiss the cause is absolute; and when an announcement of a desire to do so was made by plaintiff in open court, it ended the jurisdiction of the court and there was lack of power to enforce previous orders allowing alimony.

In the case of Kelly v. Gross, Tex.Civ. App., 293 S.W. 325, 326, under a similar state of facts, the court in its opinion held that, since the principal suit was one for divorce and a property settlement dependent upon the outcome of the divorce action, "No other party has any right, nor can he acquire the right, to inject himself, or his claim upon either of the parties, into the divorce action, which is purely personal to those parties. It naturally follows that, when those parties compose their differences, effect a reconciliation, and move for a dismissal of the action, the court before whom it is pending has no other alternative than to grant the motion and dismiss, without the least regard to any pecuniary interest third parties may have acquired as contingent upon the granting of a divorce. This is true as a matter of public policy,

which cannot contemplate any rule which would permit outsiders to speculate upon the contingency of a disrupted marital union."

Under the above authorities, the appellant acquired no right to prosecute his claim for an attorney's fee in the divorce suit after the parties thereto had dismissed their respective actions and had resumed their marital relations, and the trial court did not, we think, err in dismissing appellant's intervention.

The judgment of the trial court is in all things affirmed.

Affirmed.