## CHERICO v. CHERICO.
### No. 9794.

Court of Civil Appeals of Texas. Austin.

May 4, 1949.

Rehearing Denied May 11, 1949.

Thrasher & Blalock and Wm. Clarke Blalock, of Austin, for appellant.

Smith & Pollard, of Austin (Harry S. Pollard, of Austin, of counsel), for appellee.

HUGHES, Justice.

The right of a court to retain jurisdiction in a divorce suit for the purpose of determining the amount of attorney's fees, if any, which should be awarded attorneys for the wife, after reconciliation of the parties and after they have requested the court to dismiss the suit, is the question presented by this appeal.

Appellee, Mrs. Merylene Cherico, was plaintiff and appellant, Felix William Cherico, was defendant in the divorce suit.

On May 3, 1948, appellee filed a motion in such suit alleging that "Plaintiff and defendant have effected a reconciliation and have resumed their marital relations." She further alleged that her attorneys were entitled to a reasonable fee for their services and she prayed, "* * * that this cause be dismissed without prejudice, that a reasonable attorney fee for plaintiff's attorneys and all accrued costs be adjudged against the defendant * * *."

On May 6, 1948, appellant filed a motion to dismiss the divorce suit, in which "The defendant, Felix William Cherico joins the plaintiff in her application to dismiss this suit without prejudice but by way of answer to said motion says that the court is without jurisdiction in acting upon said motion to enter a judgment against the defendant for the attorney's fees incurred by the plaintiff in the prosecution of her suit; * * *."

On November 10, 1948, the court heard evidence on the two motions to dismiss, and rendered judgment against appellant and for appellee for $1,000 for the use and benefit of her attorneys for services rendered her in such suit and dismissed the suit without prejudice at the cost of appellant.

We are without authority to decide the question presented upon principle, because in Jones v. Jones, 128 Tex. 309, 97 S.W.2d 949, the court held that when parties to a suit for divorce have effected a reconciliation, condoned their offenses, and have resumed their marital relations, such action operates to end the litigation, and the court is without jurisdiction to retain the cause for the purpose of allowing an attorney to obtain recovery of attorney's fees.

We attach no significance to the fact that in the Jones case the attorney's fee judgment was rendered in the name of the attorney and in this case the judgment was rendered in the name of the plaintiff for the use and benefit of her attorneys. This is a matter of form and not of substance.

The above ruling was made in the Jones case even though the husband made no objection in the trial court when evidence was heard and the fee allowed. In our case appellant filed formal objections to the allowance of the fee.

The Jones case was discussed with apparent approval in Roberts v. Roberts, 144

Tex. 603, 192 S.W.2d 774. See also Henderson v. McCarter, Tex.Civ.App., Galveston, 200 S.W.2d 889, Writ Dis.

Appellee has cited no Supreme Court case which departs from the law of the Jones case and we consider unnecessary the discussion of authorities from other jurisdictions, or of cases by our Courts of Civil Appeals.

The judgment of the trial court is reformed by eliminating therefrom the award of attorney's fees to appellee for the use and benefit of her attorneys; otherwise the judgment is affirmed. Costs of this appeal are adjudged against appellee.

Reformed and affirmed.