**Lee Dale GIVENS, Appellant,**

**v.**

**Wanda Jean GIVENS, Appellee.**

**No. 15315.**

Court of Civil Appeals of Texas.

Dallas.

July 19, 1957.

Frank H. Cathey, Jr., Dallas, for appellant.

Robert G. Vial, Dallas, for appellee.

YOUNG, Justice.

The suit by appellee, filed September 21, 1956, was for divorce, custody of children and partition of community property; answered by cross-action of Lee Dale Givens for like relief. On December 19, 1956, the cross-action only was heard and defendant granted relief as prayed; that is, a divorce from plaintiff Wanda Jean Givens; custody of the three minor children, Dale Wayne, aged 9, Cathy Janene, aged 4, and Judy Diane, an infant; being also awarded a small amount of community property on assumption of community debts. Judgment to such effect was signed by Judge Bush on January 3, 1957. On same date Wanda Jean Givens filed motion to vacate said judgment on grounds allegedly meritorious. At the hearing of said motion there was an extensive production of testimony; the court vacating and setting aside his former judgment of December 19, 1956. The entire case was also dismissed, the court finding that it had no jurisdiction of the suit and cross-action; the judgment reciting in that respect "that the parties to this suit effected a reconciliation after this suit was filed, and that the parties left the jurisdiction of this court after the filing of this suit, and lived together as husband and wife." It is from this order signed on January 25, 1957 that the appeal is taken.

Issues raised by the parties require a more detailed history of this brief litigation. The September 1956 petition of Wanda Jean Givens was filed by attorney Frank Cusack, but no citation issued thereon nor waiver filed by defendant. On November 21, 1956, however, defendant through attorney Frank Cathey, Jr., filed aforesaid cross-action, mailing a copy thereof to Mr. Cusack. Such cross-action contained the following allegation: "Defendant submits the parties of this cause have, in fact, lived together for at least a period of approximately two weeks since the filing of

this cause, by plaintiff, and said parties did not, in fact, finally separate until on or about November 15, 1956."

Thereafter attorney for defendant caused a setting of the case for December 19, 1956, giving notice of same to Mr. Cusack who notified Wanda Jean Givens by letter mailed to her last known address. On above date defense counsel announced ready for trial with witnesses and defendant in person; attorney for plaintiff stating that he had attempted a notification to his client in writing with no word from her, although his letter had not been returned; that he had no grounds for continuance and was therefore not in position to offer more than a formal defense. The trial proceeded with the result of a defendant's judgment on his cross-action as hereinabove stated.

Mrs. Givens attached an affidavit to her motion to vacate above judgment, reciting no notice of the December 19 setting; that she would have been present had she known of it, with witnesses to refute defendant's right to a divorce and custody of the children.

■ The petition of Wanda Jean Givens was on ground of cruel treatment; alleging a marriage in 1946, a living together until about July 1, 1956 when the parties finally separated. Defendant in cross-action also claimed the right to divorce on grounds amounting to cruel treatment; alleging that he "is presently a resident of Augusta, ——— County, Kansas, but that having answered herein, and thus having invoked the jurisdiction of the Court, this Court has jurisdiction in this matter for all purposes, including that of defendant's cross-action against plaintiff." Obviously by above allegations, defendant was relying upon the residence qualifications of plaintiff for jurisdiction of his cross-action. Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77, 89 A.L.R. 1198.[1]

1. Notwithstanding above quoted allegation, later findings of fact made by the court relative to the trial of December 19, 1956, recited: "that Lee Dale Givens

testified that he had been, for one year prior to the filing of this suit, a resident of the State of Texas; that Lee Dale Givens testified that he was

Without reference to order of presentation, the several points of appellant may be summarized: Error of the court *in finding* (1) that it did not have jurisdiction to grant a divorce to defendant Dale Givens on December 19, 1956; (2) that plaintiff on December 19, 1956, had not received due notice of defendant's cross-action and the setting of same for trial; (3) that plaintiff on her own testimony alone, had not been guilty of cruel treatment and that her absence from the trial was not the result of her own neglect and indifference; (4) in *not finding* that plaintiff had made legal appearance in court on December 19, 1956; (5) that plaintiff, having failed to appear at the trial, was precluded thereafter from advancing new defensive pleading and evidence on hearing of the later motion to vacate judgment; and (6) that plaintiff had failed to meet the burden of proof necessary for the court to change its judgment of December 19, 1956, wherein it was found that the parties had not lived together as huband and wife since the filing of her initial suit of September 21, 1956.

Mrs. Givens testified on the January motion to vacate judgment of divorce that a couple of days after Mr. Cusack had filed her suit, she and husband decided to reconcile their differences; notifying her attorney of the fact of their reconciliation and that "we wanted him to drop the charges." (Note) Mr. Cusack denied the statement just quoted; testifying that in the telephone conversation with Mrs. Givens she advised him "that they were trying to get back together and my instructions to her were that if they got back together for her to notify me in writing she wanted her lawsuit dismissed."

Plaintiff further testified that marital relations were resumed about October 1, 1956, the parties moving to Kansas about November 1st. Later that month the cruel treat-

ment of her by defendant was renewed, resulting in a final separation, she returning to Dallas; that she had no notice of defendant's cross-action filed November 21, 1956, or of the trial on December 19th; that on reconciliation, she and her husband had intended to move permanently to Kansas and did so; having no knowledge of his present whereabouts. Defendant did not appear or testify at the hearing in question. A finding of fact is to effect that he was served with notice of the motion in the State of Oklahoma. His attorney, however, was present and participated in the hearing. Incidentally, Mrs. Givens through her present attorney filed a later suit for divorce against Lee Dale Givens in another District Court (Dallas); on the instant trial testifying rather inconsistently that she did not want a divorce and could go back to her husband and live as a family unit.

The record, together with the court's findings of fact made on March 21, 1957, reflects in general all matters of fact hereinabove detailed. These further findings may properly be quoted: "(1) That Wanda Jean Givens and Lee Dale Givens were lawfully married persons who on the 21st day of September 1956 were and had been actual bona fide inhabitants of the State of Texas for at least one year and had resided in Dallas County, Texas for more than six months immediately prior to said date of 21st day of September, 1956. * * * (11) That plaintiff Wanda Jean Givens had no notice, prior to December 19, 1956, of the cross-action filed against her by Lee Dale Givens. * * * (13) That Lee Dale Givens and Wanda Jean Givens did live together as husband and wife between September 21, 1956 and December 19, 1956; and that such parties did effect a reconciliation of their marital differences during said period of time; that Lee Dale Givens and Wanda Jean Givens were actually residents of Augusta, Kansas in November and De-

and had been, for at least six months prior to the filing of this suit, a bona fide inhabitant of Dallas County, Texas; that this Court on the strength of such

testimony, together with other testimony, granted Lee Dale Givens a divorce and signed and entered its judgment dated January 3, 1957."

**580**

cember, 1956. (14) That on said date of December 19, 1956 on the strength of the testimony of Lee Dale Givens, the court granted defendant judgment of divorce from plaintiff * * *."

█ Turning to appellant's points on appeal, only No. 1, complaining of dismissal of the cause in its entirety, is entitled to consideration. His other points relate to the setting aside of the court's prior judgment of December 19, 1956, a judicial act made within 30 days of the judgment entry and not appealable.

██ It is also our conclusion that point 1 should be overruled. In the first place, it appears without dispute that there was a living together of these parties subsequent to the institution of plaintiff's suit of date September 21, 1956. "The overwhelming weight of authority is to the effect that when the parties to a suit for divorce have effected a reconciliation, condoned their offenses, and resumed their marital relations, such action operates to end the litigation * * *." Jones v. Jones, 128 Tex. 309, 97 S.W.2d 949, 950. Defendant's cross-bill, filed November 21, 1956, thereby became an independent cause of action; and a grant of divorce prior to the expiration of the statutory period (now 60 days, Art. 4632, Vernon's Ann.Civ.St.) has been held to be a void proceeding, the statute being mandatory. Beeler v. Beeler, Tex.Civ. App., 218 S.W. 553; Snow v. Snow, Tex. Civ.App., 223 S.W. 240. In consequence, defendant's judgment of divorce on December 19, 1956, was null and properly set aside. Furthermore, under the facts and circumstances of this record, defendant's petition was subject to dismissal for deficiency of pleading in matter of residence (Art. 4631, V.A.C.S.), and in fact; considering, as we may, the hearing of January 25 as part of the full trial of defendant's cross-action. We refer to the testimony of Mrs. Givens in such connection, also allegations of the cross-action to effect that defendant was a resident of Augusta, Kansas, on November 21, 1956. Art. 4631 expressly states that the petitioner for divorce must be an actual bona fide inhabitant of Texas for *twelve months* and a resident of the County for six months next preceding the filing of petition.

The judgment dismissing suit inclusive of cross-action is accordingly affirmed.