Franklin R. NAVARRO, Appellant,

v.

Richard S. BRANNON and Bettie F. Brannon, Appellees.

No. 17843.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 12, 1981.

Rehearing Denied March 12, 1981.

Wendell S. Loomis, Houston, for appellant.

Herbert Finkelstein, Houston, for appellees.

Before COLEMAN, C. J., and PEDEN and SMITH, JJ.

PEDEN, Justice.

Attorney Franklin R. Navarro appeals from the dismissal of his claim for legal services performed in connection with Bettie F. Brannon's suit for divorce against Richard S. Brannon. Navarro had intervened in the divorce action after his client had discharged him. Under his single point of error Navarro argues that the trial court erred in dismissing his claim since the court had severed it from the divorce suit when the court dismissed the divorce action. We agree. The severance effectively separated the controversies into two distinct causes of action, each of which was within the jurisdiction of the district court. The dismissal order is reversed and the cause is remanded.

In December 1978, Mrs. Bettie Brannon entered into an employment contract with Mr. Navarro for legal services performed and to be performed in connection with her divorce, community property division, or ancillary claims against her husband. Under the terms of the contract, Mrs. Brannon agreed to pay Navarro a fee for, among other things, each day of travel away from Houston, for each hour spent in preparation, and for each hour spent in court. On the day she signed the contract Mrs. Brannon paid Navarro a non-refundable retainer or minimum fee, which was to be credited toward the foregoing fees; the contract expressly provided that the balance was to be paid monthly as it accrued on or before the date the suit was concluded by final judgment, either of dismissal or otherwise, whether or not any relief was granted. In addition, Mrs. Brannon made an unconditional assignment to Navarro of 25% of any gross recovery she might obtain, whether recovered by compromise or settlement either before or after the filing of suits.

In his petition for intervention Navarro alleged that he had spent a considerable amount of time preparing legal documents for Mrs. Brannon and that Mr. & Mrs. Brannon attended a meeting in Navarro's office to approve and sign the settlement documents, but before Mr. Brannon's attorney arrived at the meeting, Mr. Brannon said he was going to beat Navarro out of the agreed contingent fee and per diem fees for services rendered by having Mrs. Brannon fire him. Following the meeting, Na-

varro reviewed and made agreed revisions in the settlement documents, and on September 21, 1979, he notified both Mr. Brannon's attorney and Mrs. Brannon that the final documents were ready to sign; he mailed copies to them later that day. Three days later he was notified by Mrs. Brannon that he was discharged, so he filed an intervention in the Brannon's divorce suit, seeking his fees.

A judgment was later rendered reciting that Mr. & Mrs. Brannon had appeared in open court and announced that they would not further prosecute their divorce, that their claims were dismissed, and that Navarro's claim for attorney's fees was severed, redocketed, and retained for further proceedings.

Navarro's severed claim was later tried to a jury, and the court subsequently rendered judgment favorable to Navarro on the verdict. Mr. Brannon timely filed a motion for new trial asserting, *inter alia*, that the court lost jurisdiction to try the severed claim for attorneys fees when it dismissed the Brannons' divorce suits; the trial court granted the motion for new trial. A few days later the court dismissed Navarro's intervention, and it is from this order that Navarro appeals.

Appellees' only cross-point is that the trial court had no authority to sever the intervention and try it separately after it dismissed the divorce action. We have noted that Navarro's claim was not severed after the divorce action was dismissed; the severance was ordered concurrently with and in the same judgment as the dismissal. In *Varn v. Varn*, 58 Tex.Civ.App. 595, 125 S.W. 639, 641 (1910, no writ), the appellate court found no error in the trial court's refusal to allow an unsevered claim of the wife for attorney's fees to be defeated by voluntary dismissal of the husband's divorce suit merely because the dismissal and recovery were ordered in the same judgment. It is clear that the severance in our case was not improper merely because it was ordered concurrently with, rather than prior to, dismissal of the divorce action.

It is settled in Texas law that continuing a divorce suit for the sole purpose of permitting an adjudication of an attorney's fee after the parties have reconciled and resumed their marital relations would permit outsiders to speculate on the contingency of a disrupted marital union and is against public policy. *Roberts v. Roberts*, 144 Tex. 603, 192 S.W.2d 774, 777 (1946); *Jones v. Jones*, 128 Tex. 309, 97 S.W.2d 949, 951 (1936); *Henderson v. McCarter*, 200 S.W.2d 889 (Tex.Civ.App.1947, writ dism.).

There are two reasons why Navarro's suit should not have been dismissed.

First, the basis for the general rule stated in the *Roberts, Jones,* and *Henderson* cases just cited is the public policy of encouraging a continuation of the marriage relationship through reconciliation. In *Roberts* it was held that such public policy is not served where the dismissal was not voluntary and there was no resumption of marital relations. In our case the parties did appear in open court and announce that they would not further prosecute their divorce, but there was neither a representation nor a finding of reconciliation and resumption of the marital relationship.

There is a second and better reason why this case must be reversed. The Texas Supreme Court stated in *Archer v. Griffith*, 390 S.W.2d 735 (1964), that even if parties to a divorce were permanently reconciled, the wife's attorney would be entitled to recover the reasonable value of his services despite an agreement for a contingent fee. And in a writ refused case, *Kelly v. Gross*, 4 S.W.2d 296 (Tex.Civ.App.1928), it was stated that while parties to a divorce who reconcile their differences and resume the marital relation are not liable in damages for breach of a contract of employment with an attorney, such counsel is entitled to recover the reasonable value of the services actually rendered.

Ordinarily, the wife's attorney's fees may be regarded as necessaries to protect her legal rights, and if she acts in good faith and on probable cause, a recovery of them against her husband is proper even if the divorce action is dismissed.

Reversed and remanded.