

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00115-CV

GARDNER ALDRICH, LLP                                            APPELLANT

V.

MICHAEL ROBERT TEDDER                                    APPELLEE

----------

## FROM THE 325TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Gardner Aldrich, LLP (the law firm) appeals the trial court's judgment on the law firm's suit on sworn account. The law firm intervened in the divorce and suit affecting the parent-child relationship (SAPCR) of its former client, Stacy Lee Tedder, and her estranged husband, Appellee Michael Robert Tedder. In the divorce decree, the trial court awarded the law firm a judgment on its suit on sworn account solely against Stacy for $151,747.28 in damages,

---

[1]*See* Tex. R. App. P. 47.4.

together with postjudgment interest and conditional posttrial fee awards (all amounts collectively "client fee award"). In four issues, the law firm contends (1) that the trial court erred and abused its discretion by not expanding the client fee award to hold not only Stacy liable but also hold her husband Michael jointly and severally liable; (2) that the evidence is legally and factually insufficient to support the trial court's failure to grant the law firm a judgment that Michael is jointly and severally liable for the client fee award; (3) that the trial court erred and abused its discretion by granting a final judgment inconsistent with the judgment rendered in open court on August 27, 2009; and (4) that the evidence is legally and factually insufficient to support the trial court's failure to grant the law firm a final judgment consistent with the judgment rendered in open court on August 27, 2009. Within the law firm's discussion of the issues on appeal is the complaint that the client fee award should be expanded to include an award of reasonable attorney's fees incurred in pursuing the intervention at trial. Because we hold that the trial court erred by (1) not including in the client fee award reasonable and necessary attorney's fees that the law firm expended in bringing its intervention below and (2) extinguishing the law firm's right to collect the client fee award from Michael jointly and severally, we reverse the trial court's judgment as to the client fee award, render judgment that Michael and Stacy are jointly and severally liable for the client fee award, and remand this case for a new trial solely on the issue of the proper amount of reasonable and necessary trial attorney's fees that should be added to the client fee award.

## I. Statement of Facts

The law firm represented Stacy from October 15, 2007, a week before Michael filed the original petition for divorce, through a June 2009 jury trial on conservatorship. After a jury decided that Stacy and Michael should be joint managing conservators (JMCs) and that Stacy should have the exclusive right to determine the children's primary residence within the Arlington Independent School District, the law firm withdrew from representation of Stacy and filed a petition for intervention, serving the petition on Michael, Stacy, and the children through their respective lawyers with the lawyers' consent. The petition includes claims of breach of contract and quantum meruit and a suit on sworn account. The petition asserts that Stacy had executed and then breached a written employment contract, that the law firm had provided services to Stacy for which it had not been paid, and that in providing legal services to Stacy, the law firm had incurred expenses on an open account. In its prayer, the law firm asked for judgment against Stacy and Michael jointly and severally. No one filed a sworn denial.

At the hearing on the law firm's petition for intervention, the law firm argued that neither Michael nor Stacy had filed a sworn denial and that therefore the law firm was entitled to judgment as a matter of law. The trial court stated that it "w[ould] enter a judgment on the pleadings based on the sworn account in the amount of $151,747.28." Robert Aldrich ("Aldrich") then testified about his

3

experience and attorney's fees in bringing the intervention suit and appellate fees regarding the intervention.

On cross-examination by Stacy's new attorney, Aldrich testified that he believed that $50,000 of the $87,500 or amount close to that which had already been paid to the law firm for representing Stacy in the divorce had been from the community funds under Michael's control. Michael's counsel successfully objected to a question from Stacy's attorney inquiring why the fees in the divorce case had reached such a high amount. Part of the answer is revealed in a letter ruling issued a day after Stacy's new counsel appeared in the case. In the letter ruling, the trial court required that a parenting coordinator be appointed "to facilitate the parties' co-parenting of the children and to lessen the *high conflict* between the parties regarding issues affecting the parties and the children." [Emphasis added.] The trial court left in place orders that Michael pay Stacy $1,200 per month in child support. Later that month, the trial court signed modified temporary orders that required Michael to pay spousal support of $1,000 (formerly $3,000 per month) during the pendency of divorce.

On September 22, 2009, the trial court sent a letter ruling to the parties awarding Aldrich a judgment of $151,747.28 against Stacy. But also in that letter ruling, the trial court awarded Stacy a judgment against Michael in the sum of $190,000 for attorney's fees, as well as additional conditional appellate attorney's fees should he appeal the divorce decree. The trial court stated in the letter ruling that Stacy's attorney "shall prepare the Decree of Divorce, the Wage

4

Withholding Order, and QDRO's to reflect this ruling and shall submit all orders to the Court no later than October 23, 2009."

But before such a decree could be signed, Michael and Stacy entered into an agreement to the exclusion of the law firm that deleted the award of the attorney's fee judgment of $190,000 plus conditional appellate fees to Stacy from Michael, and the trial court signed a divorce decree in accordance with the couple's agreement, awarding judgment in favor of the law firm against Stacy but not Michael in the amount of $151,747.28, plus postjudgment interest and conditional posttrial legal fees. From our review of the letter ruling and the signed decree, the decree also awards more time with the children to Michael, reduces his periodic child support and medical support obligations, and reduces Stacy's assets by removing not only the $190,000 attorney fee judgment but also a lien of $249,430 on Michael's separate property. The signed decree also provides that Michael will pay a debt of $50,000, whereas the letter ruling ordered Stacy to pay it, and states that the parents will "split 50/50 reasonable college expense and continued healthcare for the children, provided that the children qualify for that coverage," topics not covered by the letter ruling.

The signed decree specifically provides,

Debts to Wife

IT IS ORDERED AND DECREED that the wife, Stacy . . . , shall pay, as a part of the division of the estate of the parties, and shall indemnify and hold the husband and his property harmless from any failure to so discharge, these items:

. . . .

W-5. The judgment awarded to [the law firm] for attorney's fees in the amount of $151,747.28.

. . . .

Attorney's Fees

. . . .

[The law firm] is awarded a judgment against STACY . . . in the amount of $151,747.28 for attorney's fees, with post-judgment interest at the rate of five percent (5%) per annum. The sum of $5,000.00 is awarded in the event a motion for new trial is filed but denied, and the further sum of $20,000.00 in the event of an appeal to the Court of Appeals is made but is unsuccessful. The sum of $10,000.00 is awarded if a petition for review is filed but not granted by the Supreme Court of Texas, the sum of $10,000.00[] is awarded if the petition for review is granted but the appeal to the Supreme Court of Texas is unsuccessful. The further sum of $5,000.00 is awarded in the event a motion for rehearing is filed but not granted by the Supreme Court of Texas. In the event a petition for writ of certiorari is filed but not granted by the United States Supreme Court, the sum of $15,000.00 is awarded, and the sum of $15,000.00 is awarded in the event a petition for writ of certiorari is granted but the appeal to the United States Supreme Court is unsuccessful.

In one of the law firm's several pre- and postjudgment challenges to the decree, Aldrich told the trial court,

Now . . . in your ruling, I—I assumed that what you thought was, Okay, Stac[y] Tedder is going to have to pay this. I'm giving her a judgment for all these attorney's fees, and I'm giving her a lien for the . . . improvements to the real property that was—that was his separate property. So I—Mr. Aldrich and anybody else with attorney's fees can get paid through that lien if Stac[y] gets paid. You know, that is what I assumed your thinking was. But you can't do that, because you granted me a judgment against both of them, and now look where we are.

6

. . . [T]he effect of what you've done cheats me out of my ability to collect my judgment, and here's how: You can't control—you . . . nor any other court can control what parties do to settle matters amongst themselves. Now what they've done is, because they want to settle this matter, Ms. Tedder no longer is going—is no longer going to take a judgment against Mr. Tedder, and in return for that, he's going to let her do something else with the—the—the children. Therefore, because . . . if you don't enter my judgment, then—then all of a sudden I've just got this one judgment—I mean, this judgment against this one person, and she has no avenue to collect anything from him anymore.

A week after the trial court signed the order denying the law firm's motion to modify, correct, or reform the judgment, Stacy filed for chapter 7 bankruptcy. She was discharged from bankruptcy on June 30, 2010. Afterward, this court reinstated the law firm's appeal.

## II. Award of Attorney's Fees for Prosecuting the Law Firm's Suit

Included in its discussion of its issues in its briefs is the law firm's contention that the trial court should have awarded reasonable attorney's fees to the law firm for prosecuting its intervention. At trial, the law firm presented uncontroverted testimony concerning the attorney's fees it incurred in bringing the intervention. Stacy objected, arguing that an attorney (as opposed to a nonattorney party) cannot recover fees for prosecuting a case. This court has already rejected that premise.[2] Michael raised no objection specifically targeting

---

[2]*See AMX Enters., L.L.P. v. Master Realty Corp.*, 283 S.W.3d 506, 517 (Tex. App.—Fort Worth 2009, no pet.) (op. on reh'g) (citing *Tesoro Petroleum Corp. v. Coastal Ref. & Mktg., Inc.*, 754 S.W.2d 764, 766 (Tex. App.—Houston [1st Dist.] 1988, writ denied), and *Beckstrom v. Gilmore*, 886 S.W.2d 845, 847 (Tex. App.—Eastland 1994, writ denied)).

the attorney's fees that the law firm incurred in prosecuting the suit, nor does he raise such argument on appeal.

Section 38.001 of the civil practice and remedies code provides that "[a] person may recover reasonable attorney's fees from an individual . . . , in addition to the amount of a valid claim and costs, if the claim is for . . . (1) rendered services; (2) performed labor; . . . (7) a sworn account; or (8) an oral or written contract."[3] As this court has previously explained,

> An award of reasonable attorney's fees is mandatory under section 38.001 if there is proof of the reasonableness of the fees. The amount of the award lies within the discretion of the court, but it does not have the discretion to deny attorney's fees if they are proper. When a claim for attorney's fees is based on chapter 38, it is presumed that the usual and customary attorney's fees are reasonable, although that presumption may be rebutted.
>
> Factors the trier of fact should consider in determining the amount of reasonable attorney's fees include the following: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.[4]

---

[3]Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (West 2008).

[4]*AMX Enters., L.L.P.*, 283 S.W.3d at 516–17 (citations omitted).

The law firm's fee agreement with Stacy and billing records are attached to its petition for intervention.  At the hearing on the intervention, Aldrich testified about his experience level, his hourly rate, the hourly rates of associates and paralegals at the law firm, and the hours incurred:

> I'm an attorney licensed to practice law in the State of Texas, and have been so licensed since November the 6th, 1978.  I have tried and handled many divorce cases [and] many civil matters . . . .  I'm board certified in civil trial law and have been for some years. . . .

> In this matter . . . I was the attorney for Mrs. Tedder up until sometime at the first part of . . . July, . . . after that first part of July I filed this petition [in] intervention, that— . . . I have incurred attorney's fees in bringing it, and I would expect to incur attorney's fees in the event of an appeal of this matter.  We have kept—kept a record of the attorney's fees, that as of yesterday afternoon, when I got back from the motion to recuse hearing, there were $7,187.50 worth of attorney's fees and paralegal time involved in this lawsuit.

> . . . .

> . . . It is my testimony that those fees were reasonable and necessary in prosecuting this action to collect this debt and to bring this claim and get this judgment.

> I expect . . . that I have spent three hours since yesterday afternoon and including my time in here . . . on this matter, and for a total of $8,537.50[], which I believe to be [] reasonable . . . attorney's fees in Tarrant County, Texas, for prosecuting this claim through today.

He testified that he had spent ten or eleven hours on the case at an hourly rate of $450, that his legal assistant had billed for her time on the case at $125 per hour, that the law firm's associate lawyers had spent the most time on the case and billed at $225 per hour.  Given the uncontroverted evidence, we hold that the trial court's implicit finding that the law firm was entitled to zero attorney's

fees for pursuing its intervention is against the great weight and preponderance of the evidence and, likewise, regarding the trial court's implicit legal conclusion that the law firm was entitled to zero attorney's fees for pursuing its intervention, that the contrary is established as a matter of law.[5] We therefore hold that the trial court erred by not including in the client fee award an award of reasonable and necessary attorney's fees for the prosecution of the law firm's intervention. We sustain this subissue.

## III. Joint and Several Liability of Michael for the Client Fee Award

Contrary to the law firm's allegations on appeal, the absence of a sworn denial from Michael does not automatically entitle the law firm to a judgment on sworn account against him. As the Supreme Court of Texas has explained,

> There being a fact question as to whether the defendant was a party to the transaction evident from the face of the plaintiff's own invoices, the sworn account is not considered as prima facie proof of the debt. Therefore, a sworn denial is not required in order for the respondent to controvert or disprove the account.[6]

The evidence supporting the law firm's pleadings demonstrates that it was Stacy who signed the contract, Stacy who was billed, and Stacy who failed to pay the debt. Even if the evidence that Michael had previously paid a large portion of attorney's fees to the law firm on the account is evidence that Michael was not a stranger to the transaction, it presented at most a fact issue, not proof as a

---

[5]*See id.* at 520.

[6]*Sundance Oil Co. v. Aztec Pipe & Supply Co.*, 576 S.W.2d 780, 781 (Tex. 1978).

matter of law. Accordingly, we cannot say that the trial court erred or abused its discretion by excluding Michael from the judgment on the suit on sworn account on the ground that he failed to file a verified denial.

The attorney's fees, however, were a community debt. Debts contracted during the marriage are presumed to be community unless it is shown that the creditor agreed to look solely to the separate estate of the contracting spouse for payment of the debt.[7] The party seeking to overcome the presumption must do so by clear and convincing evidence.[8] Michael offered no proof in the appellate record before us that the attorney's fees were not a debt of the community. Further, given the trial court's placement of the debt to the law firm in the community debts section, the trial court implicitly found that the attorney's fees were a community debt.

A finding that attorney's fees are a debt of the community establishes joint and several liability of both spouses.[9] In *Blake v. Amoco Federal Credit Union*, the Fourteenth Court of Appeals of Texas held,

> It is well-settled law in Texas that divorce courts cannot disturb the rights of a creditor to collect from either of the divorcing parties on a joint obligation. Johnnie admitted that the debt at issue is a

---

[7]*Hawkins v. Ehler*, 100 S.W.3d 534, 541 (Tex. App.—Fort Worth 2003, no pet.); *Morris v. Morris*, 894 S.W.2d 859, 863 (Tex. App.—Fort Worth 1995, no writ).

[8]*Sprick v. Sprick*, 25 S.W.3d 7, 13 (Tex. App.—El Paso 1999, pet. denied).

[9]*Wileman v. Wade*, 665 S.W.2d 519, 520–21 (Tex. App.—Dallas 1983, no writ).

community debt.  Texas courts have consistently held that a division of the community estate may not prejudice the rights of a creditor to satisfy a community debt.

Just because Amoco was named a party, answered, and appeared at the hearing on the clarification and enforcement motion does not necessarily mean that the court could modify its rights under the facts presented here.  In *Broadway Drug,* the creditor, having intervened in the divorce suit, was obviously a party to the suit.  This court recognized that the divorce court had discretion in dividing property between the spouses, and to provide that one spouse should pay the debt of the other.  We held, however, that the divorce court could not prejudice the creditor's right to take a judgment against both spouses when dividing responsibility for payment of debts.[10]

Additionally, section 2.501 of the family code provides,

(a) Each spouse has the duty to support the other spouse.

(b) A spouse who fails to discharge the duty of support is liable to any person who provides necessaries to the spouse to whom support is owed.[11]

A spouse is personally liable for the other spouse's acts if the other spouse incurs a debt for necessaries.[12]  Further, all community property is subject to a liability for which both spouses are personally liable.[13]  A spouse's attorney's fees may be regarded as necessaries to protect his legal rights as long as he acts in

---

[10]900 S.W.2d 108, 111–12 (Tex. App.—Houston [14th Dist.] 1995, no writ) (citations omitted).

[11]Tex. Fam. Code Ann. § 2.501 (West 2006).

[12]*Id.* § 3.201.

[13]*See id.* § 3.202 (West Supp. 2010).

good faith and on probable cause.[14]   The good faith and probable cause requirements are met by a favorable verdict and orders of the trial court.[15]

Here, Michael sought sole managing conservatorship, alternatively joint managing conservatorship with the right to determine the children's primary residence, and alternatively a geographic restriction.   He also sought child support.   The jury named the parents JMCs and gave Stacy the right to determine the children's primary residence within the confines of Arlington Independent School District; the trial court awarded Stacy, not Michael, child support.   Accordingly, we hold that the good faith and probable cause requirements are met.[16]   Consequently, we hold that Stacy's attorney's fees due to the law firm were necessaries.   We also therefore hold that Michael is personally liable for their payment.[17]   Finally, because Michael and Stacy were each personally liable for the client fee award, we hold that the trial court erred by extinguishing the law firm's right to collect the client fee award from Michael jointly and severally.   We sustain the law firm's first two issues in part.   Because

---

[14]*Navarro v. Brannon*, 616 S.W.2d 262, 263 (Tex. Civ. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.).

[15]*Roberts v. Roberts*, 193 S.W.2d 707, 709 (Tex. Civ. App.—Dallas 1945, no writ).

[16]*See id.*

[17]*See* Tex. Fam. Code Ann. §§ 2.501, 3.201.

of our disposition of these portions of the first two issues and the unnumbered subissue, we do not reach the law firm's remaining issues and subissues.[18]

## IV. Conclusion

Having held that the trial court erred (1) by excluding from the client fee award the reasonable and necessary attorney's fees that the law firm expended in bringing its intervention below and (2) by insulating Michael from any liability for paying the client fee award, we reverse the trial court's judgment on Gardner Aldrich, LLP's suit on sworn account in part and affirm it in part. We affirm the judgment as to the amounts awarded as damages, postjudgment interest, and conditional posttrial attorney's fees. We reverse the judgment to the extent that it awards Gardner Aldrich, LLP zero attorney's fees for prosecuting its claim below and to the extent that it excludes Michael from all liability. We render judgment that (1) Michael and Stacy are jointly and severally liable to Gardner Aldrich, LLP for the damages, postjudgment interest, and conditional posttrial attorney's fees and (2) Michael and Stacy are also jointly and severally liable to Gardner Aldrich, LLP for reasonable and necessary attorney's fees incurred by Gardner Aldrich, LLP in prosecuting its claim below. We remand this case for a new trial solely for the determination of the proper amount of reasonable and necessary attorney's fees incurred by Gardner Aldrich, LLP in pursuing its intervention.

---

[18]*See* Tex. R. App. P. 47.1.

14

LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, MEIER, and GABRIEL, JJ.

DELIVERED:  August 11, 2011