ROSE A. TIERNEY *vs.* THOMAS J. TIERNEY.

APRIL 2, 1929.

PRESENT: Sweetland, C. J., Stearns, Rathbun, and Sweeney, JJ.

STEARNS, J. Rose A. Tierney filed a petition in the Superior Court for a divorce from bed and board from the respondent, for the custody of her minor son, and an allowance for a separate maintenance for herself and son. July 11, 1924, the petition was heard and granted, and on the same day a decree, prepared by the attorney for the respondent, was entered divorcing petitioner from bed and board and future cohabitation with the respondent until the parties become reconciled. The decree also contained the clause, which is now the subject of controversy: "It is further ordered, adjudged and decreed that until further order of this court said respondent shall pay to said petitioner for her support and support of said minor son the sum of forty-five dollars ($45) per week each and every week hereafter, the first payment hereunder to be made on July 14, 1924 and in lieu of dower." This decree was assented to in writing by counsel for both parties.

Sometime thereafter the respondent, who owned valuable real estate in the city of Providence, wished to place a mortgage thereon. The petitioner refused his request to join in the mortgage deed and to release her dower right. Thereupon respondent, on May 9, 1928, filed a motion to

modify the decree of July 11, 1924, and alleged therein it was the intention of the parties by the entry of that decree to free respondent's real estate from the inchoate dower right of the petitioner. The prayer of the motion is that said decree be modified so as to accomplish the intent of the parties and that petitioner be compelled to join with the respondent in a conveyance of said real estate and to release her inchoate right of dower.

After several hearings and the entry of a decree, which was later vacated, on June 13, 1928, a decree was entered denying the motion of the respondent to modify the decree. In this decree the court embodied a finding of fact that the decree of July 11 was intended by counsel and by the parties to dispose of the question of dower and that the petitioner was informed of the purpose and contents of the decree before it was entered; but that said decree did not in law operate as a release or a waiver of the petitioner's dower right and also that the Superior Court was without power to issue a mandatory order to compel petitioner to release her dower. From this decree both petitioner and respondent have taken appeals and the cause is here on the two appeals.

Assuming that petitioner assented to the terms of the decree and consented thereby to release her dower right, the question is: What is the legal effect of the clause "in lieu of dower"? At common law a wife could not relinquish her dower in the real estate of her husband by executing a release to him nor in any other way than by joining with him in a conveyance to a third person. 2 Scribner on Dower, p. 309. The jurisdiction of divorce is purely statutory, *Sammis* v. *Medbury*, 14 R. I. 214. A divorce from bed and board (C. 291, G. L. 1923) is a limited divorce; it does not put an end to the marriage relation or destroy the relation of husband and wife but merely suspends certain of the marital rights and obligations. 9 R. C. L., p. 487. By its terms it is to be effective only "until the parties be reconciled." It neither takes away the right of the wife to dower nor entitles her to recover it during the life of her husband.

Bishop, Marriage, Divorce and Separation § 1677. If the parties again live together and become reconciled as husband and wife, the effect of the divorce is destroyed. 9 R. C. L. p. 487. 2 Bishop, Marriage, Divorce and Separation § 1677. Dower before it is set off is not an estate but only a right resting in action. *Hoxsie* v. *Ellis*, 4 R. I. 123; *Weaver* v. *Sturtevant*, 12 R. I. 537. General Laws, C. 290, section 6, provide that a married woman may bar her right of dower in any estate of her husband, by joining with him in the deed conveying the same and therein releasing her claim to dower, or by releasing the same by her separate deed acknowledged in the same manner as provided in Section 5, in which it is provided that if any deed affecting her right of dower in any estate of her husband during his life, be executed by attorney of the wife, the letter of attorney shall be acknowledged in the same manner as if she were single and unmarried. General Laws, C. 291, Section 5, provide that whenever a divorce from the bond of marriage is granted for fault on the part of the husband, the wife should have dower as if the husband were dead; but such dower shall not be granted unless proceedings are begun within six months after the absolute decree, or if claim be made for alimony within said period, then dower shall be deemed to be waived and released. Prior to the enactment of this section a woman who had obtained an absolute divorce from the bond of marriage was not entitled to dower as the only provision made for the wife by the statute was by way of alimony. The statute of divorce from bed and board makes no provision at all with respect to dower and hence the only right of the wife in such proceeding in the estate of her husband is to an allowance by the court for her separate maintenance, as expressly provided by the statute. The decree of the court in so far as it attempted to deal with dower was a nullity as the court had no jurisdiction in this proceeding of the subject matter, nor could the parties by consent enlarge the court's jurisdiction. As the respondent sought only to have this particular provision of the decree modified

and in some manner made effective by another decree, the action of the court in denying this motion was correct.

The appeal of the respondent is denied.

As this leaves the decree, until changed by further order of the court, effective in its other provisions, to which petitioner makes no objection, the appeal of the petitioner is also denied.

The cause is remanded to the Superior Court for further proceedings.

*George Hurley, Walter V. Moriarty, Margaret M. Fitzgerald*, for petitioner.

*Christopher J. Brennan*, for respondent.