## CRITTENDEN v. CRITTENDEN.

### No. 12009.

Court of Civil Appeals of Texas. Galveston.

Oct. 28, 1948.

Rehearing Denied Nov. 18, 1948.

Bracewell & Tunks, of Houston, for appellant.

John R. Francis and Tom Sanders, both of Houston, for appellee.

CODY, Justice.

This was a suit by appellee, the husband, for a divorce from appellant on the ground of cruelty, and for a partition of their community property. Appellant's answer consisted of certain exceptions, and a general denial. It was alleged in appellee's petition, and the proof showed, that there were no children born of the marriage. The parties have been married since 1935. The trial was before the court without a jury. Appellee testified at length on direct and cross-examination, and his brother was called as a witness to corroborate his testimony with respect to one particular. Appellant was present at the trial, but did not testify. The court rendered judgment granting the divorce, and partitioning the property, from which judgment, insofar as it decrees a divorce, appellant has prosecuted this appeal. In response to appellant's request, the court filed conclusions of fact and law, which have not been excepted to. The court found that appellee, because of unprovoked threats on the part of appellant, and of her continued abuses and neglect, and because of her refusal to admit appellee into connubial relationship, was compelled to leave appellant about August 15, 1946, and that appellant's actions were of such a nature to constitute cruel treatment, and that the further living together of the parties as husband and wife is insupportable, and that the material allegations of appellee's petition are true.

Appellant predicates her appeal upon four points, presenting in effect: (1) That the evidence is insufficient to establish cruel treatment as a grounds for divorce, (2) that the evidence was the uncorroborated testimony of appellee, (3) that the evidence established as a matter of law that all of the conduct on appellant's part toward appellee was reasonably provoked by appellee, and (4) that the evidence established, as a matter of law, a condonation on the part of appellee of the alleged cruelty of appellant.

Because of appellant's emphatic insistence that the evidence was insufficient to support the judgment for divorce upon the ground of cruelty, we have felt constrained to read the statement of facts. Without detailing the testimony of appellee, it was to the effect: That appellant so treated him as to destroy his peace of mind, and that his condition because of such treatment became such that he had to place himself un-

der the care of a physician in Houston, a Dr. Brawn. That his friends noticed his condition and asked its cause. That his occupation keeps him around dangerous machinery, and it is necessary that he remain alert at all times. That his foreman warned him that he would have to straighten up. That he separated from his wife about February 15, 1946; the first time. That in response to his wife's solicitations, he returned to her around the middle of July, 1946, but had to leave her finally on August 15, 1946.

 We overrule appellant's first point. Appellant's conduct toward, and treatment of appellee was calculated to, and must have been intended to destroy his peace of mind. And this worry re-acted on his health. We believe that none of the cases hold that, where the cruel treatment is of such a nature as to affect the health of the injured party, such conduct does not qualify as being of such a nature as to render living together insupportable. We also overrule appellant's second point. The statute does not in terms nor by necessary implication require that a plaintiff's evidence be corroborated. Here the evidence was clear and unequivocal. And, in a sense it was corroborated. Appellee became ill from the treatment he received from appellant, so much so as to require medical treatment. We also overrule appellant's third point, and believe no good purpose would be served in setting forth the evidence which we appraise as insufficient to establish, as a matter of law, that appellant's conduct toward appellee was provoked by him.

Appellant's fourth point is that the evidence established, as a matter of law, a condonation on the part of appellee of the alleged cruelty. Appellee testified upon cross-examination that in the month of June, 1947, he went by to see appellant at her home, to take her some money, and that there was then an act of sexual intercourse. That he filed this suit for divorce in July, 1947. That there were no fresh acts of cruelty between the date of the intercourse and the filing of the suit. The authorities hold that, where there is a voluntary resumption of cohabitation after a separation because of cruel treatment, there is a condonation; and that a single act of intercourse may be sufficient. The evidence merely brought out the bare fact of the act of intercourse. Condonation is an affirmative defense, and should be pled. Barta v. Barta, Tex.Civ.App., 283 S.W. 201, 202. Appellant's answer contained no such plea. There was also evidence that, after the suit was filed, appellant threatened to kill appellee and herself, and that appellee was afraid of her. As indicated above, appellant did not testify, and while the point is not free from doubt, we have concluded after full consideration that, in the state of the record, we cannot hold that the court erred in refusing to sustain an affirmative defense which was not pled. The point is overruled. The judgment is in all things affirmed.