**Billy Wayne THOMASON, Appellant,**

v.

**Marjorie Faye THOMASON, Appellee.**

**No. 6894.**

Court of Civil Appeals of Texas.

Amarillo.

Dec. 14, 1959.

Lumpkin, Watson, Dunlap & Smith, Amarillo, for appellant.

Sanders, Scott, Saunders, Brian & Humphrey, Amarillo, for appellee.

DENTON, Chief Justice.

This is a suit brought by the appellee, Marjorie Faye Thomason, seeking a divorce and custody of the parties' two minor children, a boy approximately five years of age and a girl approximately two years of age. The appellant, Billy Wayne Thomason, filed an answer which included a general denial and specific allegations concerning the unfitness of appellee to care for the children. He also filed a cross action praying for a divorce and custody of the children. Mr. and Mrs. Quinton Harvey, parents of appellee, and Mr. and Mrs. A. M. Thomason, parents of appellant, jointly filed a plea of intervention asking that custody of the two children be awarded to Mr. and Mrs. Harvey.

The case was tried before a jury. In answer to the special issues, the jury found that the appellant, Billy Wayne Thomason, was guilty of excesses and cruel treatment or outrages toward appellee, Marjorie Faye Thomason, of such a nature as to render their further living together insupportable; that Marjorie Faye Thomason had not been guilty of such treatment toward Billy Wayne Thomason; and that for the best interest of the two children custody should be awarded to Marjorie Faye Thomason. Based on these jury findings, the trial court entered a judgment granting the appellee a divorce and awarded her the custody of the two children. To this judgment appellant, Billy Wayne Thomason, perfected his appeal and brings forth three points of error. The intervenors did not perfect their appeal, hence they are not parties to this appeal.

In appellant's first point of error he asserts the trial court erred in granting the divorce because of insufficient evidence of cruel treatment after March 16, 1958, the date appellant contends appellee condoned all prior alleged acts of appellant. The appellant did not plead the affirmative defense of condonation, however, there was evidence presented to the effect that the parties reconciled for one night on March 16, 1958, after they had apparently permanently separated on or about January 10, 1958. We think the best practice is that the affirmative defense of condonation should be pleaded, but in the absence of such pleadings the trial court in a divorce case should consider such evidence. Barta v. Barta, Tex.Civ.App., 283 S.W. 201 (writ refused); Crittenden v. Crittenden, Tex. Civ.App., 214 S.W.2d 670 (no writ history). We therefore conclude that the jury and

trial court did consider such evidence even though no special issue of condonation was requested by the appellant or given by the court. The evidence is uncontradicted that appellee and appellant did spend the night in the same house with their two children, and the intervenors in the court below. The children had been previously taken to one of the intervenors' homes in Oklahoma without the consent of the appellee. Appellee testified, and it is uncontradicted, that she was not allowed to have her children; and she further testified that in order to get the grandparents to bring the children back to Amarillo to be with her she agreed to try to live with appellant. There is no evidence in this record showing appellant and appellee actually cohabited that one night. Early the next morning she took the children away from the house and her parents and filed her petition for divorce and custody of the children.

■■ The evidence is clear that appellee agreed to go back to appellant in order to get her children. Condonation must be the voluntary act of the injured party and the doctrine is not so strictly applied against the wife as the husband because she often submits through necessity and fear. McLemore v. McLemore, Tex.Civ. App., 285 S.W. 693 (no writ history) and other cases there cited. We therefore hold that the act of appellee under the circumstances in this record was not a condonation. We therefore overrule appellant's first point of error.

■ Appellant's second point is that there was no full and satisfactory evidence of the cruel treatment of appellee by the appellant. The jury, after hearing all of the evidence, found against appellant. Although in a divorce case findings of fact by a jury or trial court are not binding on an appellate court, the trial court is given more discretionary power in determining the sufficiency or insufficiency of the pleadings and evidence than in other civil ac-

tions. Lindsey v. Lindsey, Tex.Civ.App., 228 S.W.2d 878. The usual allegations of cruelty were plead by appellee and among other things she testified that appellant forced himself on her excessively against her will and that such action on his part impaired her health. Many Texas cases have recognized the well established rule that extreme sexual demands constitute cruel treatment as contemplated by the divorce statutes. Norvell v. Norvell, Tex. Civ.App., 194 S.W.2d 270. We have carefully examined the evidence in this case and although we do not condone some of the actions of the appellee in her indiscretions with other men, we are of the opinion the evidence is sufficient to warrant the findings of the jury and the trial court's judgment. The jury and the court had the various witnesses before them and they are in a better position to evaluate the testimony and determine the credibility of the witnesses. Although appellant denied any specific action of cruelty toward appellee, he conceded in his own testimony that he did not feel a reconciliation could be effected. He apparently was of the opinion that the marriage relationship could not be continued. Appellant's second point of error is overruled.

■ Appellant's last point of error complains of the trial court awarding custody of the two minor children to appellee. His contention is that the record shows appellee is not a fit and proper person to have such custody, and further that the judgment did not contain a specific finding that appellee was such a fit and proper person. The second part of the point of error, complaining of the absence of a specific finding that appellee was a fit and proper person to have the children is without merit. Here we have the specific finding by the jury that it was to the best interest of the children that their custody be awarded to the appellee and the trial court entered its judgment awarding her the custody. We hold that the divorce judgment awarding the custody of the children to appellee es-

tablished a finding that the appellee was at that time a suitable person to have custody of her children. Martin v. Martin, Tex. Civ.App., 132 S.W.2d 426. As to the other portion of appellant's last point, it should be noted that the intervenors, grandparents of the minor children, have not seen fit to perfect an appeal from the judgment awarding the custody to appellee. Even though appellant, Billy Wayne Thomason, prayed for custody in his cross action, he seems to have abandoned this plea if we look to his testimony. Although he testified the appellee was not the fit and proper person to have the custody of the children, he testified he thought the intervenors, Mr. and Mrs. Quinton Harvey, were the proper persons to have the custody. Nowhere in his testimony does Billy Wayne Thomason ask that custody of the children be awarded to him and there was no testimony offered concerning his fitness to care for the children. As is usual in cases of this nature, there is conflicting evidence as to appellee's fitness to have custody of her children. In such a situation the jury and trial court have the exclusive function to determine the credibility of the witnesses and the weight to be given their testimony. Sawyer v. Bezner, Tex.Civ.App., 204 S.W. 2d 19; Mortensen v. Mortensen, Tex.Civ. App., 186 S.W.2d 297. The awarding of custody of minor children is addressed to the sound discretion of the trial court and will not be disturbed on appeal unless the award is so contrary to the great preponderance of the evidence as to show an abuse of this discretion. Sawyer v. Bezner, supra, and Lanford v. Carruth, Tex.Civ.App., 186 S.W.2d 368, and numerous other cases cited. After reviewing the testimony we can not conclude that the trial court abused its discretion in awarding custody of the two minor children of tender years to their mother. The appellant's third point of error is therefore overruled.

After carefully examining the evidence and the briefs, we find no reversible error and the judgment of the trial court is affirmed.