**Alonzo Larue WARD III**

v.

**Susan Gray WARD.**

No. 7135.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 11, 1961.

Rehearing Denied Jan. 8, 1962.

Sarah Daniels and Wm. Andress, Jr., Dallas, for appellant.

Goldberg, Fonville, Gump & Strauss, Dallas, for appellee.

DENTON, Chief Justice.

This is a divorce case which resulted in the plaintiff being granted a divorce from the defendant. The case was tried before the court without the intervention of a jury. The defendant perfected this appeal and contends the petition and evidence show plaintiff had not performed her marriage contract since the denial of a prior divorce, hence she does not now come into court with clean hands; that certain alleged acts of defendant are insufficient to constitute cruelty as grounds for a divorce; and that the proof offered fails to meet the full and satisfactory evidence requirement made in Article 4632, Vernon's Ann.Civ. St. Upon defendant's request, the trial court filed findings of fact and conclusions of law. The parties will be referred to as they appeared in the trial court.

The present suit was plaintiff's second divorce case filed against the defendant. Her first case resulted in a divorce being denied on June 23, 1960. Thereafter, on September 28, 1960 the present suit was filed. The original petition and amended original petitions show that the parties had not lived together as husband and wife since the first suit for divorce was denied. Defendant urges that the refusal of the plaintiff to resume marital relations constituted a failure to perform her marital contract, and urges the defense of recrimination as a bar to the divorce. The defend-

ant takes the position that in as much as the plaintiff remained separated from him after the first divorce was denied, she performed no duties as a wife and therefore she can not complain that defendant had not performed the marriage contract as a ground for her divorce. Mrs. Ward testified she refused to live with Mr. Ward because of his actions toward their two small daughters immediately following the first trial. She testified, and the trial court so found, that Mr. Ward forcibly took the children from her and sent them to Denver, Colorado within four hours after the divorce was denied on June 23, 1960. He did not return the children himself, but plaintiff went to Denver and returned with the children to Dallas on July 16, 1960. The plaintiff further testified, and the trial court found as a fact, that during the period the children were in Denver the defendant inferred to the plaintiff that the children would not be returned unless plaintiff resumed living with the defendant.

 It has long been established that recrimination as a valid defense must arise out of the fact that the acts or conduct for which the plaintiff seeks a divorce were induced by or in retaliation of plaintiff's conduct. Trigg v. Trigg (Tex.Civ.App.) 18 S.W.313. It is also settled that the misconduct of plaintiff in order to defeat the right to a divorce, while it need not be of equal degree with that of the defendant, must be of the same general nature and such as is reasonably calculated to provoke the misconduct of the defendant. Staples v. Staples (Tex.Civ.App.) 136 S.W. 120; Hutt v. Hutt (Tex.Civ.App.) 76 S.W.2d 567; Carter v. Carter, (Tex.Civ.App.) 151 S.W.2d 884.

 The only course of conduct on the part of plaintiff for which defendant seeks to invoke the defense of recrimination is her refusal to resume living with him. The defendant takes the position that in taking the children to Denver he was doing something he had a legal right to do as the father of the children. Technically he is correct, but under the circumstances and manner in which he took the children it can not be said that such conduct fosters good marital relations. The fact the defendant purchased the children's airplane tickets under assumed names the day before the first divorce was denied strengthens this conclusion. It was a preconceived plan to harass the plaintiff, who was obviously at that time under an emotional strain. We conclude the facts in this case do not make it one to which the defense of recrimination properly applies. The act of plaintiff complained of was not one which induced these acts of defendant. In fact, the evidence reflects that these acts of defendant induced or provoked the plaintiff to act as she did. The evidence supports the trial court's finding that plaintiff was justified in maintaining a separate residence from the defendant under the circumstances.

 By the next five points of error defendant contends that certain acts of misconduct on his part are not sufficient for grounds for divorce. Because of their nature these points will be discussed together. These alleged acts include: taking the children from the plaintiff; the inference of a threat of the defendant that the children would be returned only on plaintiff's resuming her marital duties; and defendant's accusations concerning plaintiff's conduct. In its findings and conclusions the trial court found defendant had committed these various acts, and that each of such acts was of such a nature as to render their further living together insupportable. Among these findings, the court found defendant falsely accused plaintiff of infidelity. Plaintiff's testimony to this effect was corroborated by other witnesses. Although defendant denied making this accusation, the trial court's finding is supported by the evidence. It is well settled that a false accusation by a husband against a wife of infidelity is sufficient ground for a divorce. See 20 Tex.Jur.2d, Sec. 20, page 368 and cases therein cited.

Whether or not these alleged acts of defendant were of such a nature as to render living together of plaintiff and defendant insupportable were questions of fact to be determined by the trial court. The trial court determined the conduct on the part of defendant was of such a nature. After reviewing the statement of facts and the court's findings and conclusions, we are of the opinion the evidence supports the court's findings and its judgment in granting the divorce.

Defendant next makes the contention that the divorce judgment is not supported by full and satisfactory evidence as required by Art. 4632, V.A.C.S. That a divorce may be granted only on such evidence can not be disputed. The trial court in granting the divorce found that the evidence was full and satisfactory. We are called upon to examine the evidence to determine whether or not the facts testified to support the conclusion of legal cruelty and also to determine whether or not such facts have been sufficiently developed to meet the requirement of Art. 4632. In order to do so we must examine the statement of facts. Although we are not bound by the trial court's findings, they are entitled to great weight by this Court. Where the testimony is conflicting we have no authority to pass on the credibility of the witnesses and the weight to be given their testimony. In the absence of a showing of an abuse of discretion by the trial court, its findings will not be disturbed on appeal. Brown v. Brown (Tex.Civ.App.) 190 S.W. 2d 730; Moon v. Moon (Tex.Civ.App.) 186 S.W.2d 362; Turner v. Turner (Tex.Civ. App.) 289 S.W.2d 836, and cases therein cited. After reviewing the complete record we can not say the trial court abused its discretion. We are therefore unwilling to disturb those findings.

The facts testified to by the plaintiff and other corroborating witnesses, if believed, were legally sufficient to support the divorce decree. A careful review of the testimony leads us to the conclusion that plaintiff's

evidence is of sufficient character and quality to support the action of the trial court in granting the divorce.

There being no error reflected in the record, the judgment of the trial court is affirmed.