Frankie Joe ARCHER, Appellant,

v.

Kathleen ARCHER, Appellee.

No. 3804.

Court of Civil Appeals of Texas.

Eastland.

May 17, 1963.

Rehearing Denied June 7, 1963.

L. F. Sanders, Canton, for appellant.

Jess Rickman, Terrell, for appellee.

GRISSOM, Chief Justice.

Mrs. Archer sued Mr. Archer for divorce on the ground of cruel treatment. She

prayed for a divorce, for the custody of their child and her two children by a previous marriage, who had been adopted by Mr. Archer, and for partition of the community property. Upon the second trial of the case, the court granted Mrs. Archer a divorce and custody of the children but awarded insignificant community property to the husband. Mr. Archer has appealed.

■ Appellant's first point is that the court erred in trying the case before he and his attorney arrived. It is difficult to conceive how the appellant can expect a reversal of this judgment for that reason. The court set aside its former order. It tried this case with appellant present in person and by counsel after he had announced ready for trial.

■ The plaintiff testified and produced several witnesses. The defendant did not testify. He presented no evidence. The court awarded custody of the children to the plaintiff. All the evidence was to the effect that she had supported them for years; that she has a job and is making a living for them; that her trailer house is clean and the children appear to be in good spirits. Appellant's real complaint is that, although the judgment provided that he shall have the privilege of visiting the children at all reasonable times, it provides that appellant shall give three day notice of proposed visits. We think the record reveals a situation wherein the court wisely exercised its discretion in so providing. Among other things, the mother works regularly for fairly long hours. It is undisputed that on a previous occasion when she was absent from home appellant went to her home, removed the furniture and children, kept the furniture, but returned the children after three months. There was evidence which the defendant did not contradict that he beat his wife; that he has threatened her and that she is afraid of him.

■ Appellant's third point is that the court erred in ordering him to pay $20.00 per week for the support of the three children. He says the court found that he was well and able to contribute such support to the children, but that there was nothing in the record showing his earning capacity; that he was in the court room throughout the trial but plaintiff did not place him on the stand. All the parties were before the court. The court knew and could see the defendant. Evidently he was an able-bodied man suffering no physical disabilities; he had worked and made money and had paid child support, as a result of another marriage, in excess of $20.00 per week and such child support had been discontinued.

■ Appellant's fourth point is that the court erred in refusing to set aside the judgment because when he was sued in this case he took the citation to the judge, who declined to represent him with the statement that he might soon be the District Judge. No improper action of the court is shown. If appellant thought the court was disqualified or prejudiced thereby he should have called the court's attention thereto before announcing ready for trial and trying his case. Disqualification of the court is not shown.

In other points appellant contends the court erred in awarding custody of the children to the plaintiff "after three of the plaintiff's witnesses testified as to the plaintiff's association with another man and other factors;" erred in finding that the parties were married on November 29th, when upon his objection the court found that they were actually married on November 24th; erred in refusing to have the children brought into court and erred in instructing the witnesses not to discuss the case with any one, even the lawyers, without the court's permission.

■ With reference to the last mentioned point, appellant invoked the rule. There is no indication that his lawyer wished to talk with any witnesses and could not do so because of such instruction. There is no evidence indicating that he might have been harmed thereby.

Appellant's fifth point is that the court erred in finding that he adopted the two boys because plaintiff testified that she did not know that the adoption was finally carried out. Plaintiff alleged the adoption. The defendant specifically and at great length alleged that he had adopted them. Being admitted no proof was required.

Appellant apparently contends that condonation of his cruel treatment was established as a matter of law. This is an affirmative defense. It was not pleaded, nor was it established by the evidence. See Wright v. Wright, 6 Tex. 3; Nogees v. Nogees, 7 Tex. 538 and Crittenden v. Crittenden, Tex.Civ.App., 214 S.W.2d 670.

Some of appellant's points appear to be frivolous but we have carefully considered them. We have studied the entire record. We conclude that the court could not have properly entered a substantially different judgment. Appellant's points are deemed without merit. They are overruled. The judgment is affirmed.