Geraldine Ann OXSPRING, Appellant,

v.

Harold OXSPRING, Appellee.

No. 14591.

Court of Civil Appeals of Texas.

Houston.

June 10, 1965.

Rehearing Denied July 8, 1965.

· Second Rehearing Denied Sept. 9, 1965.

Joe S. Moss, Houston, for appellant.

John M. Robinson, Houston, for appellee.

COLEMAN, Justice.

■ This is a suit for divorce tried before the court without a jury. The trial court was requested to make findings of fact and conclusions of law, but they do not appear in the transcript. There is no showing that the failure to file these findings, if there was such a failure, was called to the attention of the court, as required by the Rules of Civil Procedure, and no point is presented by appellant's brief referable to such findings of fact. The case is before this Court as if no findings of fact were requested.

Appellant contends that the evidence is not of such full and satisfactory character as to support the award of a divorce on the ground of cruel treatment.

■ Only the parties to the action testified. There is evidence that appellant failed and refused to perform ordinary housework, and refused to share appellee's bed for extended periods of time. There was testimony that for many years relations between the parties were stormy arising out of the relationship between the parties and their children by former marriages. There is testimony that the constant quarreling affected appellee's health adversely. There is testimony that appellant designedly embarrassed appellee by criticizing him to his fellow employees, by refusing to attend social gatherings important to appellee's career as a bank executive, and by deliberately absenting herself from home when relatives, business associates and friends were expected for visits. Appellant explains that this conduct was caused by poor health, and in some instances by appellee's conduct toward her, but this explanation was not accepted by the trial court. The evidence is sufficient to support the implied finding of the trial court that appellant's conduct was such as to make appellee's living with her, in the relationship of husband and wife, insupportable.

■ Appellant also urges that the evidence establishes the defenses of condonation and recrimination as a matter of law. Appellant did not plead condonation or facts presenting this defense. Condonation is an affirmative defense and should be pled specially. Rule 94, Texas Rules of Civil Procedure; Barta v. Barta, Tex.Civ.App., 283 S.W. 201; Crittenden v. Crittenden, Tex.Civ.App., 214 S.W.2d 670; Thomasón v. Thomason, Tex.Civ.App., 332 S.W.2d 148. The case last cited suggests that the evidence should be examined to determine whether or not condonation is raised in the absence of the required pleading. See Bostwick v. Bostwick, 73 Tex. 182, 11 S.W. 178. In the Crittenden case this Court said that it would not hold that the trial court erred in refusing to sustain an affirmative defense which was not pled considering the state of the record. The evidence of condonation is weaker in this case and is not sufficient for us to hold that the defense was established as a matter of law.

■ To establish the defense of recrimination the evidence must establish conduct on the part of the one seeking a divorce of the same general character as that of the defendant and such as would be reasonably calculated to have provoked the misconduct charged against the defendant. McNabb v. McNabb, Tex.Civ.App., 207 S.W. 129; Hutt v. Hutt, Tex.Civ.App., 76 S.W.2d 567. The acts which are alleged to have established this defense must have been induced by, or in retaliation of, the conduct of the other party. Ward v. Ward, Tex.Civ.App., 352 S.W.2d 513. We cannot say that the evidence establishes such conduct on appellee's part as a matter of law.

The judgment of the trial court is affirmed.

### On Motion for Rehearing

■ In her motion for rehearing, appellant properly has pointed out that her answer contained a general pleading suffi-

cient to raise the defense of condonation in the absence of special exceptions.

The trial judge granted the divorce, thereby impliedly finding that the evidence was not sufficient to establish that defense. As stated in our original opinion, the evidence was not such as to establish condonation as a matter of law. The fact issue has been determined by the trial court on sufficient evidence.

The motion for rehearing is overruled.