Dorothy F. HESTER, Appellant,

v.

G. K. HESTER, Appellee.

No. 265.

Court of Civil Appeals of Texas.

Tyler.

March 16, 1967.

Jack K. Allen, Tyler, for appellant.

Ramey, Brelsford, Flock & Devereux, Michael A. Hatchell, Tyler, W. B. Fields, Athens, for appellee.

MOORE, Justice.

From a judgment which granted a divorce to the plaintiff-husband on the ground of cruel treatment, the defendant-wife prosecutes this appeal. The case was tried by the court without the aid of a jury. No conclusions of fact and law were requested or filed.

The defendant predicates her appeal upon the ground that the evidence is insufficient to show that she was guilty of excesses, cruel treatment or outrages toward plaintiff of such a nature as to render their further living together insupportable. We affirm the judgment of the trial court.

The record reveals that the parties were married on November 29, 1942, and lived together until their separation in February, 1964. There were no children under eighteen years of age and no complaint was made of the division of the community property. The present suit is the second divorce action instituted by G. K. Hester seeking a divorce from Mrs. Hester. The first suit resulted in a judgment denying plaintiff a divorce. Because of the prior judgment dated January 13, 1965, it was conceded in the trial of the present case that all acts of defendant prior to January 13, 1965, were res adjudicata as grounds for divorce in the present suit.

A summary of the appellee's testimony upon which the trial court based his decision that a divorce should be granted shows that the parties were separated in February, 1964. Thereafter, appellee filed his first suit for divorce. The trial in that case resulted in a jury verdict in favor of the appellee, G. K. Hester. The trial court, however, denied the divorce by judgment dated January 13, 1965. The refusal of a divorce failed to effect a reconciliation and the parties continued to live separate and apart. Shortly after the entry of the judgment in that case, appellant commenced harassing appellee by calling him over the telephone while he was at his work. In each instance, he testified, she would curse and ridicule him. He testified that the calls were made with such frequency as to interfere with his work; that she would call him at all hours of the night and again curse and abuse him and that the night calls were made with such regularity and were so abusive as to interfere with his sleep and rest at night. On one occasion, she came to a bowling alley where he was visiting with friends and there created a disturbance by

cursing and abusing him and threatening personal violence; that on another occasion, she again came to the bowling alley and again cursed and abused him and threatened personal violence; when he attempted to leave, she attempted to prevent him from leaving by holding onto the door of his automobile; that as a result of this episode, he went to the police station to file a complaint; that she followed him and created an argument at the police station. He further testified that at no time during the separation had Mrs. Hester ever made a good faithful attempt at reconciliation, but on the contrary, on each encounter, either in person or by telephone, she was always unfriendly and persisted in cursing, abusing and ridiculing him for refusing to live with her; that her conduct had caused him to become highly nervous and emotionally unstable, and as a result, he had been compelled to seek treatment by a physician. He testified that because of her conduct and attitude toward him, he could not, under any circumstances, ever live with appellant again as her husband.

Appellant testifying in her own behalf disputed most of appellee's testimony.

■ The trial court in granting the divorce found the evidence to be full and satisfactory. It is our duty to re-examine the evidence and to determine whether or not the facts testified to support the conclusion of legal cruelty as required by Articles 4629(1), Vernon's Ann.Tex.St. and also whether same is full and satisfactory as provided by the provisions of Article 4632, V.A.T.S.

In McCullough v. McCullough (Tex.Com. App.), 120 Tex. 209, 36 S.W.2d 459, the court held that cruel treatment as grounds for divorce as provided by our statute is not confined to physical violence alone, but may consist of a series of studied and deliberate insults and provocations. It was further held that the question to be decided is whether the course of treatment constituted such excesses, cruel treatment or outrages as to render further living together by the parties insupportable, and that it was the duty of the trial court to weigh the course of conduct in the light of all the facts and circumstances, which included the character and refinement of the parties.

■ Whether the cruel treatment exists depends largely upon the particular facts of each case. Guerra v. Guerra (Tex. Civ.App.), 327 S.W.2d 625. Although any one of several acts standing alone might not be sufficient to constitute cruel treatment, the accumulation of all of them may be sufficient to authorize the granting of a divorce on the ground of cruelty. Wauer v. Wauer (Tex.Civ.App.), 299 S.W.2d 719; Emerson v. Emerson (Tex.Civ.App.), 409 S.W.2d 897. The question as to whether the conduct of one of the parties has been such as to render the further living together of the parties insupportable is peculiarly one of fact to be determined by the court or jury trying the case. The credibility of the witnesses and the weight to be given their testimony must of necessity be left to the sound discretion of the trier of the facts, subject to the power and duty of the reviewing court to pass upon the question of whether the evidence is full and satisfactory. Blackburn v. Blackburn (Tex.Civ.App.), 163 S.W.2d 251; Alexander v. Alexander (Tex.Civ.App.), 373 S.W.2d 800.

After a careful examination of the entire record, we have concluded that the evidence offered by the appellee was sufficient, if credible, to meet the standard of full and satisfactory as contemplated by the provisions of Article 4632, supra.

The question of the credibility of appellee's testimony, as well as the question of whether or not the conduct of the appellant was sufficient as to cause appellee to suffer mental stress and anguish, are questions of fact, the determination of which is left in the discretion of the trial judge.

■ Where the testimony is conflicting, we have no authority to pass on the credi-

bility of the witnesses and the weight to be given their testimony. In the absence of a showing of an abuse of discretion, the trial court's findings thereon will not be disturbed on appeal. Ward v. Ward (Tex.Civ. App.), 352 S.W.2d 513.

The facts testified to by the appellee, having been determined by the trial court to be credible, were legally sufficient to support the decree of divorce.

The judgment of the trial court is affirmed.

DUNAGAN, C. J., not participating.