Matthew Douglas **STRANGE**, Appellant,

v.

Linda **STRANGE**, Appellee.

No. B–2409.

Supreme Court of Texas.

March 3, 1971.

Rehearing Denied March 31, 1971.

---

Schenk & Wesbrooks, Perry Wesbrooks, Wichita Falls, for appellant.

Martin & Richie, Howard L. Martin, Wichita Falls, for appellee.

ON CERTIFIED QUESTIONS

WALKER, Justice.

This case is before us on certificate from the Court of Civil Appeals for the Second Supreme Judicial District of Texas sitting at Fort Worth. The ultimate question is

whether a reconciliation fraudulently induced by the defendant in a divorce proceeding automatically deprived the court of its previously acquired jurisdiction. We will state the material facts rather than quote the certificate in full.

Linda Strange, plaintiff, filed suit for divorce against Matthew Douglas Strange, defendant, in the 97th District Court of Archer County on June 10, 1969. Cruel treatment was alleged as grounds for the divorce, and plaintiff also sought custody of the minor child born to the marriage, child support, division of community property, and injunctive relief. Defendant duly answered through his attorneys, and an order was entered by agreement on June 26, 1969, awarding temporary custody of the child to plaintiff.

On August 9, 1969, the parties apparently effected a reconciliation after defendant promised to mend his ways. They lived together as husband and wife for a few days, but almost immediately defendant resumed his prior course of conduct. Plaintiff spent one night in the hospital on or about August 14, 1969. Upon returning home the following day, she learned that defendant had taken the child and left the United States.

On September 25, 1969, plaintiff filed her first amended original petition in which she alleged that the purported reconciliation was fraudulently induced by defendant to obtain possession of the child. A copy of the amended petition was furnished to the attorneys representing defendant in the suit. They filed a special appearance for defendant under Rule 120a, Texas Rules of Civil Procedure, challenging the court's jurisdiction of defendant's person as well as its jurisdiction to determine custody of the child. According to the testimony of defendant's attorney, which we accept, he has not known the whereabouts of or how to communicate with either defendant or the child at any time since they left the United States on August 14, 1969. After a hearing held on October 29, 1969, the trial court

concluded that the reconciliation was fraudulently induced by defendant to gain possession of the child and that its jurisdiction had not been impaired. The plea to the jurisdiction was accordingly overruled.

The case was later heard on the merits, and judgment was entered awarding plaintiff a divorce and custody of the child, ordering defendant to deliver the child to plaintiff, and granting other relief not material here. Neither defendant nor his attorney was present at the trial on the merits, but defendant, through his attorney, perfected an appeal to the Court of Civil Appeals. The intermediate appellate court did not consider the appeal on the merits. After allowing defendant additional time within which to comply with the trial court's order for delivery of the child to plaintiff and upon his failure to do so, the appeal was dismissed. Strange v. Strange, Tex.Civ.App., 464 S.W.2d 216 (wr. dis.). On motion of defendant pursuant to Rules 461 et seq., T.R.C.P., the following questions, both of which we answer in the negative, were then certified to us:

█ 1. In a divorce case, where no nonsuit has been announced before the trial court, does the fact that there was a fraudulently induced period of reconciliation by the defendant terminate the court's jurisdiction over him so as to eliminate authority to conduct further trial or render final judgment in the case absent service of additional process upon, or personal appearance by, the defendant?

█ 2. In such a case would the fraudulently induced period of reconciliation terminate the court's jurisdiction over the minor child of the parties so as to eliminate authority to enforce the antecedent temporary custody order or to conduct further hearings or render final judgment relative to child custody?

There is no contention that the trial court did not initially have jurisdiction to determine custody of the child or did not obtain in personam jurisdiction of the de-

fendant upon the filing of his original answer. Defendant's basic premise is that the reconciliation ended the litigation as a matter of law. Arguing from this premise, he says that the trial court was not authorized to proceed following the reconciliation without the service of additional process upon him and that he then was not amenable to process. In support of his basic contention, he relies primarily upon the opinion in Jones v. Jones, 128 Tex. 309, 97 S.W.2d 949, where it was said that:

> The overwhelming weight of authority is to the effect that when the parties to a suit for divorce have effected a reconciliation, condoned their offenses, and resumed their marital relations, such action operates to end the litigation, and the court is without jurisdiction to retain the cause for the purpose of allowing an attorney to obtain a recovery of attorney's fees. Especially is this true when the parties have appeared in open court and have announced to the court that the suit for divorce will not be further prosecuted.

■■■ A reconciliation does end the litigation in the sense that a court is not authorized to divorce parties who wish to continue their marital relationship. If it should develop, either before or during the trial, that the parties have become reconciled, the suit should be dismissed. See McFerran v. McFerran, 47 Wash.2d 286, 287 P.2d 142. When the parties have announced to the court that a reconciliation has taken place and that the suit will not be further prosecuted by the plaintiff, jurisdiction may not be retained to allow attorney's fees or grant other relief that would ordinarily be proper in a suit for divorce. Jones v. Jones, supra. After the suit has been formally dismissed, moreover, the court may not properly proceed to trial and judgment without further notice to the defendant. If the motion to set aside the order of dismissal and reinstate the cause involves questions of fact, the defendant may even be entitled to notice and an opportunity to be heard on the motion. Tur-

man v. Turman, 123 Tex. 1, 64 S.W.2d 137; Clifton Mercantile Co. v. Summers, Tex.Civ.App., 283 S.W. 203 (no writ).

■■■ Absent a nonsuit or other formal termination of the judicial proceeding, however, a purported reconciliation does not, of itself, deprive the trial court of jurisdiction. If the plaintiff subsequently prosecutes the suit, the defendant may urge condonation as a defense. In that event the court must determine whether the plaintiff has condoned the cruel treatment or other alleged grounds for divorce. A reconciliation induced by fraud or deception does not operate as a condonation and certainly would not terminate the court's jurisdiction of the parties. See Womble v. Womble, Tex.Civ.App., 152 S.W. 473 (no writ); Farnham v. Farnham, 73 Ill. 497; J. v. K., Mo.App., 419 S.W.2d 461; 24 Am.Jur.2d, Divorce and Separation, § 219; Annotation, 32 A.L.R.2d 107, § 16. Until the judicial proceeding is formally concluded, the court necessarily retains its previously acquired jurisdiction to determine this and other issues raised by the parties, including any question of custody.

Both questions certified to us by the Court of Civil Appeals are accordingly answered in the negative. Although defendant argues to the contrary, our holding that the trial court retained its previously acquired jurisdiction of his person does not deny him due process of law. There is no suggestion that plaintiff or anyone else led him to believe that the suit for divorce would be dismissed. In the circumstances disclosed by this record, he was not legally entitled to walk away from the live judicial proceeding to which he was a party and in which he had made his personal appearance. Having made his appearance through attorneys of record, the burden was on defendant to keep in touch with his attorneys and through them with proceedings in the case.

It would be well to notice one additional case cited by defendant. In Givens v. Givens, Tex.Civ.App., 304 S.W.2d 577 (no

writ), the parties were reconciled and moved to Kansas after the wife filed suit for divorce in Dallas County. The husband subsequently filed a cross-action for divorce in the Dallas County suit. Later the cross-action only was heard, and the husband was granted a divorce and custody of the three children. On motion of the wife and within thirty days after entry of the judgment, the trial court set aside the judgment and dismissed the entire case. This action was undoubtedly correct once it was determined that the parties had effected a reconciliation and left the jurisdiction of the court after the suit was filed. In disposing of the husband's appeal, however, the Court of Civil Appeals stated that since a reconciliation operates to end the litigation, the husband's cross-bill "thereby became an independent cause of action." If this statement means that a purported reconciliation always operates automatically to terminate the court's jurisdiction of the parties to a pending suit for divorce, it is disapproved.