**Paul Alonzo BAXLA, Appellant,**

v.

**Grace Oleta BAXLA, Appellee.**

No. 18584.

Court of Civil Appeals of Texas, Dallas.

April 24, 1975.

CLAUDE WILLIAMS, Chief Justice.

Divorce action. Paul Alonzo Baxla appeals from a judgment of the trial court dissolving the marriage between him and Grace Oleta Baxla, and also decreeing a division of property. We affirm the judgment.

In his first two points of error appellant contends that there was no evidence, or insufficient evidence, to support the trial court's action in dissolving the bonds of matrimony.

In her petition for divorce, appellee alleged that the marriage had "become insupportable because of discord or conflict of personalities that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation." This allegation was made pursuant to the Tex.Family Code Ann. § 3.01 (Vernon 1973), [1] which provides:

> On the petition of either party to a marriage, a divorce may be decreed without regard to fault if the marriage has become insupportable because of discord or conflict of personalities that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation.

Prior to 1973, § 3.64 contained the provision:

> The court shall base its decree for divorce or annulment on full and satisfactory evidence.

However, the legislature, by Tex.Laws 1973, ch. 577, § 23, at 1605, effective January 1, 1974, amended § 3.64 and completely deleted the quoted portion of the previous code. Appellant argues that even though the legislature repealed the provisions of § 3.64 in 1973, it did not intend to change the burden of proof in a divorce case. He contends that the testimony submitted by appellee amounts to no evidence at all, or is at least insufficient, to establish the essential grounds for divorce.

W. Lawrence Evans, Kennedy & Minshew, Sherman, for appellant.

B. Keith Brown, Brown & Hill, Sherman, for appellee.

1. Hereinafter, all references to sections of the Code refer to provisions of the Vernon's Texas Family Code Annotated.

While on the witness stand, appellee testified:

Q. Is it true that irreconcilable differences—that there is no hope of reconciliation between you and Mr. Baxla?

A. Yes, sir.

Appellant concedes that the question propounded to appellee is sufficient to present the fundamental ground for divorce as permitted by § 3.01 even though the question does not track the statutory language. He says, however, that this question and answer, standing alone, does not meet the requirements of proof necessary to support the decree.

■ As a result of extensive reform movements in the 1960's, the Uniform Marriage and Divorce Act was drafted and various versions of this uniform act dealing with marriage breakdown as a ground for divorce have been adopted by thirty-two states.[2] In 1971, Texas, while not adopting the Uniform Code entirely, enacted a portion thereof dealing with "no fault" divorce. Since the language used in the various statutes is new to divorce law there has not yet been time for much judicial interpretation of this language. It is, however, clear that the statutes have as their goal the abolition of fault as a requirement for granting of divorces. It is also manifestly clear from the legislative history of many, if not all, of the statutes, that the purpose and intent of the legislatures of the various states, including Texas, is to abolish the necessity of presenting sordid and ugly details of conduct on the part of either spouse to the marriage in order to obtain a decree of divorce. For example, in California, evidence of misconduct or fault will not be permitted in the proceedings except when relevant to child custody determination. Cal.Civ.Code § 4509 (West Supp.1969). Thus, it has been said that in seeking to create a legal system which meets the realities of marital failure, legislators believed that removing considerations of fault and eliminating the incentive to present fault evidence would materially reduce the bitterness and acrimony which had attended divorce proceedings.[3]

■ We agree with the writer of the U.C.L.A.Law Review article referred to in the margin, wherein it is stated:

[T]he prima facie case for dissolution should be satisfied by the declaration of petitioner that he or she sincerely believes that the marriage has irreparably broken down. Courtroom questions are expected to be brief and would go directly to petitioner's state of mind. . . .

. . . . . .

Upon such testimony, dissolution should ordinarily be granted, unless the judge detects hesitancy on the part of the petitioner about the possibility of saving the marriage. In that case the judge may refer the spouses to conciliation counseling. *Id.* at 1322.

■ We conclude that the question presented to appellee, and answered by her in the affirmative, stating her opinion concerning feasibility of continuing the marriage relationship satisfies the requirement of the Texas Family Code to make out a prima facie case of divorce.

■ However, we need not uphold the judgment of the trial court exclusively on the one question propounded to appellee and answered by her in the affirmative. As stated by the court in Cusack v. Cusack, 491 S.W.2d 714 (Tex.Civ.App.—Cor-

2. A comprehensive survey of this new concept in the law of divorce is found in Family Law Quarterly, American Bar Ass'n, Vol. 8, No. 4, Winter Edition 1974, pp. 401–423.

3. For a comprehensive review of this question, and many other questions involving the new Family Code, see Comment, The End of Innocence: Elimination of Fault in California Divorce Law, 17 U.C.L.A.L.Rev. 1306 (1970).

pus Christi 1973, writ dism'd).[4] The sufficiency and weight of the evidence necessary to meet the requirements of insupportability must be left to the sound discretion of the court trying the case and on appeal from a judgment granting a divorce every presumption must be indulged in favor of the judgment. The court in that case also pointed out that the trial judge, and the appellate court, may view the entire record in determining the sufficiency of the proof. When we review the entire record in this case, we find that the decree is supported by evidence other than the appellee's answers to the isolated question quoted above, to support the trial court's decree. For example, appellee testified that appellant had threatened to kill her or any member of her family if she tried to take possession of the house following one of their separations. Appellee also testified that in an effort to work out their problems, she returned to her husband and lived with him one or more times following the filing of the divorce action but that these efforts on her part failed. The only logical inference that can be drawn from such testimony is that the marriage was irreconcilable and could not be saved. Such evidence, taken as a whole, is sufficient to justify the trial court in granting the decree of divorce. Appellant's points are overruled.

In his third point of error, appellant contends that the court erred in dissolving the bonds of matrimony because appellant had established the defense of condonation. Without deciding the broad question of whether or not the defense of condonation is available when divorce is sought under § 3.01, we overrule appellant's contention for several reasons. First, appellant did not plead condonation as a defense to appellee's suit. Condonation is an affirmative defense that must be pled specially. Texas Rules of Civil Procedure, rule 94; Oxspring v. Oxspring, 393 S.W.2d 369 (Tex.Civ.App.—Houston 1965,

writ dism'd); Thomason v. Thomason, 332 S.W.2d 148 (Tex.Civ.App.—Amarillo 1959, no writ). Secondly, § 3.08(b) of the Code provides that "condonation is a defense only if the court finds there is a reasonable expectation of reconciliation." The evidence in this case is entirely sufficient to support the trial court's implied finding that there is no reasonable expectation of reconciliation. Appellee testified that she made repeated efforts to reconcile the marriage but appellant's acts and conduct were such as to frustrate such reconciliation. Duggan v. Duggan, 446 S.W.2d 727 (Tex. Civ.App.—Houston [14th Dist.] 1969, no writ).

In his fourth and fifth points of error, appellant contends that the trial court abused its discretion in making division of the property of the parties. We find no merit in either of these points. Section 3.63 of the Code provides that the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage. Wide latitude is granted to trial courts in exercising discretion in determining a division of the property between the parties to a divorce. Hensley v. Hensley, 496 S.W.2d 929 (Tex. Civ.App.—El Paso 1973, no writ); Williams v. Williams, 160 Tex. 99, 325 S.W.2d 682 (1959). There is a presumption in favor of the trial court's exercise of its discretion regarding division of the property. Waggener v. Waggener, 460 S.W.2d 251 (Tex.Civ.App.—Dallas 1970, no writ). We find no abuse of discretion by the trial court in rendering its decision concerning the property of the parties in this case. Other than personal property, the principal item was the house and lot in Pottsboro, Texas, which was awarded to the appellee wife.

Appellant contends that the house in Pottsboro was purchased by him prior to

---

4. This case was decided prior to the effective date of the repeal of the provision of the Family Code requiring full and complete testimony.

the marriage and, therefore, occupied the status of his separate property. While there is testimony which might contradict this position we need not decide the issue. The court is given wide latitude in dividing separate property as well as community property. White v. White, 380 S.W.2d 672 (Tex.Civ.App.—Tyler 1964, writ ref'd n. r. e.). The evidence is undisputed that appellee made substantial contributions to the purchase of the house as well as payments on the loan following marriage. Also, the decree provides that the appellee wife is to have the property subject to a substantial indebtedness. For these reasons, we overrule appellant's points.

The judgment of the trial court is affirmed.