Joe Lynn FERGUSON, Appellant,

v.

Linda Lee FERGUSON, Appellee.

No. 8578.

Court of Civil Appeals of Texas, Beaumont.

Dec. 31, 1980.

Bruce A. Baughman, Baytown, for appellant.

Gary H. Gatlin, Jasper, for appellee.

KEITH, Justice.

The husband, respondent below, appeals from a judgment in favor of the wife-petitioner which granted a divorce, divided the community property, appointed her managing conservator of the two minor children born to the marriage, and ordered respondent to make periodic child support payments.

Although duly served with process, the husband did not file an answer nor did he enter any appearance in the trial court before the entry of the decree. At the ex parte hearing on the merits of the cause, the wife testified that the marriage had "become insupportable because of discord and conflict that would prevent [the parties] from ever living as husband and wife again."

She also testified that after the filing of the suit, the parties again began living together as husband and wife and had resumed the marital relationship. She testified that the resumption in the relationship was because she relied on his promises "that he was going to change and that everything was going to be smooth", but that the representation was false.

■ Although husband filed a lengthy pro se motion for new trial wherein he alleged, inter alia, extrinsic fraud, he did not seek a hearing on his motion and it was overruled by operation of law. The appeal, timely perfected, seeks a reversal and remand of the cause upon a single point. He asserts that additional service of process upon him was required and that the court erred in "not determining whether the parties resumed their marital relations and thereby effected a reconciliation." We disagree and affirm the judgment.

The husband relies primarily upon two cases by our Supreme Court: *Jones v. Jones*, 128 Tex. 309, 97 S.W.2d 949, 950 (1936), and *Strange v. Strange*, 464 S.W.2d 364, 367 (Tex.1971).

We have given careful consideration to both of the cases cited and do not find that either is applicable to the case at bar. *Jones* simply held that once the parties have effected a reconciliation, condoned their offenses, and resumed their marital relations, such action operates to end the litigation. *Strange* qualified the overly broad statement in *Jones*, saying that the reconciliation does not end the litigation but, if it should develop that the parties have become reconciled, the suit for divorce should be dismissed.

However, as announced in *Strange*, a "purported reconciliation" does not deprive the trial court of jurisdiction; it may, however, enable the defendant to plead condonation as a defense. (464 S.W.2d at 367)

■ The testimony of the wife was sufficient to authorize the trial court to dissolve the bonds of matrimony. *Cervantes v. Cervantes*, 591 S.W.2d 332, 334 (Tex.Civ.App.—Corpus Christi 1979, no writ). See also *Baxla v. Baxla*, 522 S.W.2d 736, 737 (Tex.Civ.App.—Dallas 1975, no writ), wherein the Court contrasted the liberalized language found in *Tex. Family Code Ann. § 3.01 (1975)*, with the requirement in the former statute [*Tex.Rev.Civ.Stat. Art. 4632 (1925)*] that the decree of divorce be based on "full and satisfactory evidence."

Moreover, it must be remembered that the husband is before us in an appeal from a default judgment. And, it is elementary that a default judgment admits facts which are properly alleged. *Stoner v. Thompson*, 578 S.W.2d 679, 684 (Tex.1979). Notwithstanding this rule, the trial court heard evidence on the question of reconciliation and our review of the record does not disclose any abuse of discretion in granting petitioner the relief set out in the judgment.

■ Finally, we note that condonation is an affirmative defense and must be specially pleaded. *Oxspring v. Oxspring*, 393 S.W.2d 369, 370 (Tex.Civ.App.—Houston 1965, writ dism'd); *Baxla v. Baxla*, supra, 522 S.W.2d at 739.

Having found no merit in the single point of error, it is overruled and the judgment of the trial court is in all things AFFIRMED.

DIES, Chief Justice, dissenting.

With respect, I dissent. While I cannot disagree with my colleagues' legal citations, this case simply exceeds the bounds even permitted now by *Section 3.01* of the Texas Family Code.

At the hearing, the wife was asked:

"As of last night [the night before the divorce was granted], was he [the husband] continuing to live in the same house with you?"

She answered, "Yes."

Later her attorney asked her:

"What I'm wanting the court to know is that since the filing of the divorce he has lived in your house, you all have slept in the same bed, and had relations?" To which she replied, "Yes."

Before the enactment of the section of the Family Code above alluded to, it was the public policy of this State to foster marriage and prevent separation and divorce. See citations in 20 Tex.Jur.2d *Divorce and Separation* § 4 (1960) at 347–348, and the conduct here would certainly have prevented a divorce. 20 Tex.Jur.2d *Divorce and Separation* § 55 (1960) at 399.

But even under the liberalized "no fault divorce" it was petitioner's burden to present facts entitling her to divorce. *Austin v. Austin*, 586 S.W.2d 937 (Tex.Civ.App. —Austin 1979), rev'd on other grounds, 603 S.W.2d 204 (Tex.1980).

This she failed to do, and I would reverse and remand this cause for a new trial holding that the trial judge exceeded his discretion in granting this divorce.