William J. HAMEL

v.

Joanne S. HAMEL.

No. 79–31–Appeal.

Supreme Court of Rhode Island.

March 13, 1981.

Aram K. Berberian, Warwick, for petitioner.

Edward R. DiPippo, Providence, for respondent.

## OPINION

KELLEHER, Justice.

The issue in this appeal is whether or not the Family Court may entertain a petition seeking a divorce from bed and board until such time as the spouses become reconciled when the ground for such relief is the petitioner's allegation that irreconcilable differences have arisen which have caused the irremediable breakdown of the marriage. Our answer is yes.

William J. Hamel (William) and Joanne S. Hamel (Joanne) are husband and wife. In the summer of 1976, William filed a petition for a bed-and-board divorce[1] in which he listed as one of the grounds irreconcilable differences resulting in an irremediable breakdown of the marriage. Joanne's cross-petition for a bed-and-board divorce was predicated on the ground of extreme cruelty. On October 17, 1978, a Family Court justice dismissed both petitions. In the denial, the trial justice ruled that a bed-and-board divorce could not be granted on the grounds of irreconcilable differences. William takes issue with this ruling.

The record indicates that William and Joanne were married on October 21, 1967. At the time of the Family Court hearing, they were the parents of a seven-year-old son. The marital difficulties began in late 1975. William, who was a Roman Catholic, insisted that the only marital problem came about when Joanne joined the Jehovah's Witnesses sect. According to William, months of arguing culminated on July 23, 1976, when Joanne left the house because she "couldn't live there with a non-believer."

William assured the trial justice that if Joanne were to "renounce her religion and become a Roman Catholic," he would have "no qualms about Joanne moving back in." Joanne agreed that the couple's problems began over her religious conversion. She stated that she would like to see William become a Jehovah's Witness but would never force him to do so. She also made it clear that she still loved her husband.

In resolving the issue presented by this appeal, we must first turn to the relevant statutes. General Laws 1956 (1969 Reenactment) § 15–5–9 stipulates that "[d]ivorces from bed, board and future cohabitation, until the parties be reconciled, may be granted for any of the causes for which by law a divorce from the bond of marriage may be decreed * * *." Section 15–5–3.1 (1980 Cum.Supp.) provides that "[a] divorce from the bonds of matrimony shall be decreed, irrespective of the fault of either party, on the ground of irreconcilable differences which have caused the irremediable breakdown of the marriage."

The trial justice, when confronted with what he must have thought was a semantic conundrum, dismissed William's bed-and-board petition because, in his opinion, it defied logic to say that an individual could seek a divorce "from bed, board and future cohabitation until the parties shall become reconciled" while at the same time alleging "that there are irreconcilable differences." We believe there is a logical response to the riddle described by the trial justice.

The practice of granting a bed-and-board divorce began with the English ecclesiastical courts, where it was known as a divorce *a mensa et thoro*. This limited divorce authorized husband and wife to live apart but did not free them from the marital bond.

[1] A bed-and-board divorce is sometimes referred to as a legal separation. (See discussion *infra*.)

Clark, *Law of Domestic Relations*, § 11.1 at 281, § 14.1 at 420 (1968); *see Tierney v. Tierney*, 50 R.I. 105, 145 A. 444 (1929). The bed-and-board-divorce section was first enacted in Rhode Island in 1896 (G.L.1896, ch. 195, § 8). The rationale advanced to support the practice of granting bed-and-board divorces is the need to provide support and other incidental remedies for a spouse or for individuals who for religious or other reasons do not seek a severance of the matrimonial bond. Clark, *Law of Domestic Relations*, § 6.4 at 193. Criticism has been directed at bed-and-board divorce because it allegedly creates a situation in which the parties receive the burdens, but not the benefits, of the marriage relationship in that they are living apart but are still bound by marital ties. Clark, *Law of Domestic Relations*, § 6.4 at 193–196.

Despite the difference of opinion concerning the appropriateness of a bed-and-board divorce, it is clear that in Rhode Island, a bed-and-board divorce may be granted "for any of the causes for which by law a divorce from the bond of marriage may be decreed * * *." General Laws 1956 (1969 Reenactment) § 15–5–9; *see* Clark, *Law of Domestic Relations*, § 6.4 at 196. In 1975, the Legislature added "irreconcilable differences" to the previously existing grounds for divorce. Public Laws 1975, ch. 287, § 1. "Irreconcilable differences which have caused the irremediable breakdown of the marriage" is a no-fault ground for divorce. This ground removes the fault factor from a divorce proceeding and abolishes the necessity of presenting what may be the distasteful details of personal conduct by either party. *See Baxla v. Baxla*, 522 S.W.2d 736 (Tex.Civ.App.1975).

Joanne subscribes to the sentiments expressed by the trial justice, and she contends that the bed-and-board divorce was intended to be an "interim measure" until the parties became reconciled, whereas § 15–5–3.1 requires a showing that a reconciliation is an impossibility.

**2.** He describes the General Assembly's use of the phrase "irreconcilable differences" as a "legislative fiction."

On the other hand, William contends that a bed-and-board divorce may be granted for irreconcilable differences since that ground is now one of "the causes for which by law a divorce may be decreed." His attorney perceives no inconsistency between § 15–5–9 and § 15–5–3.1 because "no difference is irreconcilable."[2] At oral argument, we were enlightened concerning this fact when William's counsel stated: "A perfect example is World War II. We had an irreconcilable difference with Japan, and then 'whammo,' we reconciled the difference."

Without appraising the validity of this contention, we note that in the marital context there may be occasions when a difference thought to be irreconcilable at one time may later be resolved. This is one reason why a spouse should be given the option of deciding whether to seek an absolute or a bed-and-board divorce.

More importantly, the Legislature has decided that irreconcilable differences are grounds for divorce, § 15–5–3.1, and since 1896 has held fast to the notion that a legal separation may be granted for any of the causes for which an absolute divorce may be decreed. Section 15–5–9. We believe that these two provisos relate to the same subject, to wit, whether a marriage is to undergo a legal severance or whether the matrimonial bond will remain intact while the parties live separate and apart from each other. The only reasonable way to harmonize the sections is to hold that "irreconcilable differences" is a ground for both an absolute divorce and a bed-and-board divorce. *See Herald Press, Inc. v. Norberg*, R.I., 405 A.2d 1171, 1176 (1979).

We perceive no insuperable barrier between §§ 15–5–3.1 and 15–5–9 simply because the former requires "irreconcilable differences" and the latter speaks of a time "until the parties be reconciled." We do not think that the possibility of reconciliation is an absolute prerequisite to obtain a legal separation. The statutory framework

to which we have referred is a legislative recognition that some estranged couples will effectuate a reconciliation. The Legislature in pristine prose has made it clear that those grounds that will support an absolute divorce may also support a bed-and-board divorce. The language "until the parties be reconciled" is precatory rather than mandatory. *See Roch v. Garrahy,* R.I., 419 A.2d 827, 831 (1980); Sutherland, 2A *Statutory Construction* § 57.02 at 414 (3d ed. rev. 1973).

We believe that the General Assembly has given the marriage partners an option of seeking an absolute divorce or a legal separation based upon the irreconcilable-differences ground. This choice of remedies is particularly desirable for those who may at the moment of filing have "irreconcilable differences" but lack the necessary evidence for the other grounds for which a bed-and-board divorce may be granted and who, for reasons best known to them, do not desire an absolute divorce. Parenthetically, we must recognize that in the marital relationship there are occasions when irreconcilable differences at one point in time may take on the intensity of an international armed conflict but which may at some indefinite time in the future be settled as the couple agrees to forgive and forget.

The husband's appeal is sustained, the judgment appealed from is vacated, and the case is remanded to the Family Court.

SHEA, J., did not participate.